(No. 37228.—

GUY B. RENO *et al.,* Appellees, *vs.* MARYLAND CASUALTY COMPANY *et al.,* Appellants.

*Opinion filed Nov. 30, 1962.—Rehearing denied March 27, 1963.*

246

Klohr, Merrick, Braun & Lynch, of Chicago, (Mark A. Braun, of counsel,) for appellants Simon J. Carlson & Son, Inc., and New Amsterdam Casualty Company.

Large, Reno, Zahm & Folgate, of Rockford, (Ralph S. Zahm, and Wesley E. Linberg, of counsel,) for appellees.

George W. Angerstein and Sidney Z. Karasik, of Chicago, *amici curiae*.

Mr. Justice House delivered the opinion of the court:

Plaintiffs instituted this action to recover an attorney's fee from their client's employer under section 5(b) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1959, chap. 48, par. 138.5(b).) They represented Frank Eklund, an employee of defendant Simon J. Carlson & Son, Inc., in his claim for damages against a negligent third party. A settlement was negotiated with the third party's insurer whereby Eklund was paid $88,902.11 and his employer's insurer was to be reimbursed for the $8,597.89 it had paid Eklund under the Workmen's Compensation Act. Plaintiffs filed an attorney's lien for 25% of the latter sum as an attorney's fee under section 5(b) of the act. The circuit court of Winnebago County allowed the attorney's fee and defendants appealed.

The principal question raised by this appeal is the constitutionality of the second paragraph of section 5(b) which provides: "Out of any reimbursement received by the employer pursuant to this Section, the employer shall pay his pro-rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement." The plain purpose of this provision, which was added to section 5(b) in 1957, was to require an employer to contribute to the necessary costs of the employee's recovery against a negligent third party where the employer is to receive reimbursement from the recovery for workmen's compensation payments made or to be made to the employee.

It is first argued that the second paragraph of section 5(b) is not pertinent to the primary purpose of the Workmen's Compensation Act and is not, therefore, a proper exercise of the police power. One of the objects of the act is to afford a remedy to employers who must pay compensation to their employees injured by a third-party tort-feasor. (*Grasse* v. *Dealer's Transport Co.* 412 Ill. 179; *Baker & Conrad, Inc.* v. *Chicago Heights Construction Co.* 364 Ill. 386.) The amendment to section 5(b) is clearly pertinent to that purpose of the act dealing with reimbursement of compensation payments where a third party's negligence has caused the injury. ·

It is next argued that the second paragraph of section 5(b) abrogates the employer's freedom to contract, that it deprives him of his property without due process of law and that it deprives him of the equal protection of the law. The underlying basis of the employer's right to subrogation is the prevention of an unjust enrichment on the part of the employee in the form of a double recovery for the same injury. (*Geneva Construction Co.* v. *Martin Transfer & Storage Co.* 4 Ill.2d 273.) On the other hand, the legislature has provided that the employer pay a part of the necessary costs including attorney fees in order to prevent an unjust enrichment on the part of the employer who has a right of reimbursement from the recovery secured by the employee. We do not believe that requiring an employer to pay his proportionate share of the necessary costs incurred in securing the fund from which he is to be reimbursed denies him his property without due process of law or denies him equal protection of the law.

Defendants then contend that the legislature has granted a special privilege to the employee's counsel by providing that the employer pay 25% of the gross amount of his reimbursement to the employee's attorney as a fee. The second paragraph of section 5(b) contemplates a single recovery against a third party with the employee's share of the at- .

torney's fee to be based on the part he recovers and the employer's share of the fee to be based on the part he recovers. While the employee's counsel is entitled to a part of his fee from the employee and a part from the employer, the total fee is in essence a single fee based on the single recovery from the third party. This does not constitute the granting of a special privilege.

Defendants and *amici curiae* have both argued that the attorney fee provision of section 5(b) permits one attorney to receive a fee from the employee and the employer for his services in a matter where the employee's and employer's interests are in conflict. The conflict to which they refer is possible disagreement over the amount to which the employer and employee are each entitled from the total recovery against the third party.

Defendants also object to the allowance of the fee on the ground the employee's attorneys did not substantially contribute to the employer's reimbursement. Whether the services of the employee's attorney "have resulted in or substantially contributed to the procurement * * * of the proceeds out of which the employer is reimbursed" is a question of fact. In this case the employer's insurer had its attorneys do considerable work on the case apparently with the view of proving the freedom from negligence of the employer and fellow employees. On the other hand, there is sufficient evidence in the record from which the trial court could find that the services of plaintiffs' attorneys had substantially contributed to the procurement of the proceeds out of which the employer's insured is to be reimbursed.

Defendants' final contention is that the plaintiffs procured a breach of contract between the employer's insurer and the third-party tort-feasor's insurer and they are therefore liable to the employer's insurer for damages resulting from the breach. The third-party's insurer had agreed to pay $8597.89 as reimbursement for compensation payments

paid or to be paid to the employee, but refused to pay the plaintiffs' attorneys 25% of the reimbursement or 25% of the reimbursement to the employer's insurer because plaintiffs had filed an attorney's lien for that amount. The refusal was undoubtedly based on the fact that the third-party's insurer was uncertain as to who was entitled to this sum. A sufficient answer to this contention is that the employer's insurer cannot claim damages for the loss of use of the $2149.47 because it was never entitled to this sum, nor can it claim damages for its costs in litigating its alleged right to the sum.

The judgment of the circuit court of Winnebago County is affirmed.

*Judgment affirmed.*