GEORGE REEVES, Plaintiff-Appellant, v. GERALD TEPEN, Defendant— (GERALD TEPEN, Plaintiff, v. GEORGE LORTON, Defendant-Appellee.)

(No. 11405;

Fourth District—April 16, 1971.

Wiseman, Shaikewitz & McGivern, of Alton, (Richard Shaikewitz, of counsel,) for appellant.

John T. Roach, of Alton, for appellee.

Mr. JUSTICE VERTICCHIO delivered the opinion of the court:

The appellant appeals from an order of the Circuit Court of Calhoun County finding that an employer is entitled to a lien for payments of Workmen's Compensation benefits to an employee from the settlement proceeds of a lawsuit between the employee and a third-party tort-feasor arising out of the same occurrence regardless of the employer's negligence. The case is presented to this court on the pleadings.

George Reeves, an employee of George Lorton, on December 15, 1964, was in the rear of the employer's truck putting away some tools as the employer was driving the truck from a job site to the employer's place of business. The employer pulled out to pass a vehicle being driven by Gerald Tepen, the third-party defendant. As the employer started to

pass the third party, the third party made a left turn and there was a collision causing injury to the employee.

The employee, George Reeves, filed a Workmen's Compensation claim against the employer, George Lorton, and a negligence lawsuit against the third party, Gerald Tepen. The Workmen's Compensation claim was concluded with a payment to the employee in the sum of $20,147.30 and the employer placed a lien against the proceeds of the third-party suit.

Subsequently, the third-party suit was settled for the sum of $7,200. The trial court held that the employer, George Lorton, was entitled to recover from the proceeds of the third-party suit regardless of whether or not the negligence of the employer was a proximate cause of the injury of the employee. No hearing was held to determine whether the employer was negligent.

The issue is—whether an employer who has paid Workmen's Compensation benefits to his employee can recover the amount he paid from the proceeds of a suit by the employee against a negligent third party irrespective of whether the employer may also have been negligent in causing the employee's injuries.

Illinois Revised Statutes, 1967, ch. 48, par. 138.5(b) states in part:

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative  *  *  *."

The appellant seeks to apply the words:

"*  *  *  *was not proximately caused by the negligence of the employer or his employees,  *  *  *." (Emphasis added.)

from Ill. Rev. Stat. 1957, ch. 48, par. 138.5(b), which have, in fact, been removed from the present statute by amendment. These words were deleted beginning with the 1959 statute. In effect, the 1957 statute reads:

"Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages  *  *  *."

The appellant contends that only a nonnegligent employer who has paid Workmen's Compensation benefits to his employee should be entitled to recover moneys paid to the employee from the proceeds of a suit by the employee against a third-party tort-feasor. He further contends that the employer should have no right to reimbursement for compensation paid if his negligence was a proximate cause of the employee's injuries. In support of this contention the appellant cites *Rylander v. Chicago Short Line Ry.* (1959), 17 Ill.2d 618, 161 N.E.2d 812, involving an occurrence on February 19, 1951, which was prior to the amendment to ch. 48, par. 138.5(b), enacted in 1959.

It is the opinion of this court that the *Rylander* case is not applicable as it was superseded by the amendment to the statute.

The amendment to section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1959, ch. 48, par. 138.5(b) ) is clearly pertinent to that purpose of the Act dealing with reimbursement of compensation payments where a third party's negligence has caused the injury.

The appellant also cites *Continental Cas. Co. v. Sweda* (2nd Dist. 1969), 113 Ill.App.2d 423, 251 N.E.2d 65, and *Reno v. Maryland Cas. Co.* (1963), 27 Ill.2d 245, 188 N.E.2d 657, in support of his contention. The appellant places considerable weight on a statement of the Second District Court in *Sweda*, at 427-428 (251 N.E.2d at 67):

"However, in those cases where an injury had been caused by a third party and where recovery could be had from that third party, it is clear that the law contemplated that the employer should be reimbursed out of this recovery, since the employer had not caused the injury * * *."

and the statement from *Reno*, at 248 (188 N.E.2d 658):

"One of the objects of the act is to afford a remedy to employers who must pay compensation to their employees injured by a third-party tort-feasor * * * The amendment to section 5(b) is clearly pertinent to that purpose of the act dealing with reimbursement of compensation payments where a third party's negligence has caused the injury."

A scrutiny of *Sweda* reveals that the quotations are *obiter dictum*. The negligence of the employer was not an issue in the case. It was agreed that the injury involved was caused solely by the third party. It is further noted that the language hereinabove set out in *Sweda* is taken from the opinion in *Legler v. Douglas* (2nd Dist. 1960), 26 Ill.App.2d 365, 167 N.E.2d 813, involving an occurrence on June 8, 1956, which was prior to the heretofore cited statutory deletion.

An examination of *Reno* establishes that the statements cited are also *obiter dictum* as the issue there involved was solely the second para-

graph of section 5(b) as amended, requiring the employer to pay part of the necessary costs of the employee's recovery against a third-party tort-feasor.

In *Blanski v. Aetna Cas. & Surety Co.*, 287 F.2d 113, the court held that the 1959 amendment, in eliminating the provision that the subrogation rights of the employer were conditioned on his freedom from causal negligence, constituted a substantial change in the law. The change was not merely remedial and procedural but the amendment involved substantive rights. It would appear that the elimination of the phrase:

"* * * *was not proximately caused by the negligence of the employer or his employees, * * * *" (Emphasis added.)

clearly indicated the intent of the legislature to permit reimbursement of an employer regardless of his negligence or nonnegligence.

The legislature has determined that the issue of negligence is not relevant to reimbursement to the employer under the provisions of section 5(b) of the Workmen's Compensation Act. The circuit court was correct in allowing the lien. The judgment is affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.