283 So.2d 394 (1973)
Houston PYLES, Appellant,
v.
Barnard BRIDGES et al., Appellees.
No. 73-43.
District Court of Appeal of Florida, Second District.
October 3, 1973.
T.G. LaGrone, LaGrone & Baker, Orlando, for appellant.
John J. O'Riorden, Dart, Dickinson, O'Riorden, Gibbons & Quale, Sarasota, for appellee, Aetna Cas. & Sur. Co.
HOBSON, Judge.
Appellant Pyles, a recipient of workmen's compensation, appeals an order awarding the workmen's compensation insurance carrier equitable distribution of the amount received by Pyles in the settlement of his suit against a third-party tortfeasor, and denying his motion to take testimony regarding his employer's concurrent negligence.
Pyles was injured when the load on a flat-bed truck being operated by his employer Harry Booth shifted, throwing Pyles to the ground. Pyles was taken to the hospital where he was X-rayed, treated and discharged. The X-rays were read as being normal. It was not until several months later that it was discovered that his X-rays had been inadequate and had not revealed a fracture of the seventh cervical vertebra. He became progressively paraplegic, requiring extensive surgery and years of hospitalization. Pyles was adjudicated a permanent totally disabled paraplegic, and the Florida Supreme Court upheld the Full Industrial Commission's ruling that the injury was related to the industrial accident and requiring the employer/carrier to pay medical expenses and workmen's compensation benefits.
Pyles filed a third-party malpractice action against the hospital, several physicians and their insurance carriers. Pursuant to F.S., § 440.39 F.S.A. the employer's insurance carrier filed a notice of benefits paid under the Florida Workmen's Compensation Act. Pyles settled the malpractice action for $130,000 from which he netted $57,024.80, without the court determining whether the employer was negligent. Pyles noticed for hearing the carrier's claim for workmen's compensation equitable distribution lien. At the same time Pyles filed a motion to take testimony to establish that his injury was the direct result of actual negligence of the employer and therefore such negligence was a bar to any equitable lien distribution to the employer/carrier.
The trial court denied the motion, finding that such testimony was irrelevant in preventing the carrier from obtaining its *395 equitable lien distribution or even as a factor to be considered in determining the amount of the distribution. The carrier was awarded $8,553.72 as its lien entitlement.
We have been unable to find any reported Florida decisions which determined the precise issue involved here. Nor have we found a case which considered the question from any jurisdiction where the statute was exactly like Florida's Workmen's Compensation Law. However, the case of Reeves v. Tepen, 1971, 131 Ill. App.2d 1004, 268 N.E.2d 912, involved a statute somewhat similar to Florida's statute. In that case the employee filed an action against a third-party tortfeasor, and the employer placed a lien against the proceeds of the third-party suit. The suit was settled without determining whether the employer was negligent. The appellate court affirmed the lower court's ruling that the employer was entitled to reimbursement regardless of negligence, finding that the legislature by the 1959 amendment to the statute clearly indicated its intent to permit reimbursement regardless of the employer's negligence or non-negligence. The Florida statute,[1] like the amended Illinois statute, by its terms does not preclude a negligent employer or its insurance carrier from recovering the benefits paid the injured employee, regardless of the employer's negligence. F.S., Section 440.39 F.S.A. does not limit the employer's right to recovery of compensation benefits to those employers who are shown to be free of negligence.
By voluntarily electing to accept the provisions of the Workmen's Compensation Law, the employee relinquishes his right to sue his employer regardless of whether or not the employer has directly caused the injury. In 1971 the legislature made the liability of the employer as prescribed in § 440.10 exclusive as to third-party tortfeasors. See, F.S., § 440.11 F.S.A. When the employer secures payment of compensation required by law, he obligates himself to pay compensation benefits irrespective of the negligence or contributory negligence of the injured employee, except if the injury was occasioned primarily by the intoxication of the employee or by the willful intention of the employee to injure or kill himself or another. See, F.S., §§ 440.09 and 440.10 F.S.A.
*396 The provisions of F.S., § 440.39 F.S.A. do not indicate that the negligence or contributory negligence of either the employer or the employee should be an issue or considered as a factor in determining the amount of the equitable distribution of workmen's compensation liens in third-party tort actions.
The final order appealed is, therefore,
Affirmed.
LILES, Acting C.J., and BOARDMAN, J., concur.
NOTES
[1] F.S., Section 440.39 F.S.A.:

"(3)(a) In all claims or actions at law against a third party tort-feasor, the employee, or his dependents, or those entitled by law to sue in the event he is deceased, shall sue for the employee individually, and for the use and benefit of the employer if a self-insurer, or employer's insurance carrier, in the event compensation benefits are claimed or paid, and such suit may be brought in the name of the employee or his dependents or those entitled by law to sue in the event he is deceased, as plaintiff or, at the option of such plaintiff may be brought in the name of such plaintiff and for the use and benefit of the employer or insurance carrier, as the case may be. Upon suit being filed the employer or the insurance carrier, as the case may be, may file in the suit a notice of payment of compensation and medical benefits to the employee or his dependents, which said notice shall be recorded and the same shall constitute a lien upon any judgment recovered to the extent that the court may determine to be their pro rata share for compensation benefits paid or to be paid under the provisions of this law, based upon such equitable distribution of the amount recovered as the court may determine, less their pro rata share of all court costs expended by the plaintiff in the prosecution of the suit including reasonable attorney's fees for plaintiff's attorney, such proration of court costs and attorney's fees to be made by the judge of the trial court upon application therefor and notice to adverse party. Notice of suit being filed and notice of payment of compensation benefits shall be served upon the compensation carrier and upon all parties to the suit, or their attorneys of record.
(b) If the employer or insurance carrier has given written notice of his rights of subrogation to the third party tort-feasor, and, thereafter, settlement of any such claim or action at law is made, either before or after suit is filed, and the parties fail to agree on the proportion to be paid to each, the circuit court of the county in which the cause of action arose shall determine the amount to be paid to each by such third party tort-feasor in accordance with the provisions of paragraph (a) above."