*In re* ESTATE OF HERMAN J. DIERKES, Deceased (The Department of Transportation, Claimant-Appellant).

Fifth District   No. 5—97—0845

Opinion filed March 31, 1999.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Erik G. Light, Assistant Attorney General, of counsel), for appellant.

Brian T. McCarthy, of Wimmer & Stiehl, of Belleville, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

This is an action arising out of the administration of the estate of Herman J. Dierkes (decedent), who at the time of his death was an employee of claimant-appellant, the Department of Transportation (the Department). The Department appeals from an order of the circuit court of St. Clair County distributing the settlement proceeds from the estate of decedent. The order appealed from was entered following a hearing on the settlement and distributions of the proceeds of the estate. On appeal the Department contends that the circuit court erred in reducing the Department's recovery under its workers' compensation lien by awarding attorney fees to the estate's attorney in excess of the 25% allowed under section 5(b) of the Workers' Compensation Act (the Act) (820 ILCS 305/5(b) (West 1996)). We affirm.

## FACTS

Decedent was employed by the Department as a highway mainte-

nance worker. On April 30, 1997, decedent was walking behind a Department maintenance truck along the shoulder of westbound highway 15 in Belleville, when he was struck from the rear by a pickup truck driven by Brian Russell. Decedent died from his injuries as a result of the accident.

Deborah Dierkes, decedent's widow and the administrator of the estate, retained the law firm of Wimmer & Stiehl to prosecute or settle all claims against Russell for personal injuries and wrongful death arising out of decedent's death. In the contract for legal services, Dierkes agreed to pay Wimmer & Stiehl a sum equal to one-third of all amounts recovered from the estate's claim against Russell.

Dierkes and her attorney also inquired about obtaining workers' compensation benefits from the Department. The Department and Dierkes signed a settlement-contract lump-sum petition and order (settlement contract) according to which the Department agreed to pay Dierkes $2,176.11 per month for 20 years. In September 1997, an Industrial Commission arbitrator issued a decision approving the settlement contract.

Prior to the Industrial Commission's approval of the settlement contract, Dierkes entered into a settlement agreement with Russell's insurer with respect to her wrongful-death claim. Under this agreement, Russell's insurer conceded Russell's liability for decedent's death and agreed to pay Dierkes the limits of Russell's insurance policy, $100,000.

On July 29, 1997, Dierkes filed a petition for letters of administration regarding her husband's estate. The petition indicated that the estate consisted of approximately $100,000 in personal property and $50,000 in real property. On August 4, 1997, Dierkes, as administrator, petitioned the court to approve the settlement agreement with Russell and to distribute the settlement proceeds. The petition contained the terms of the proposed settlement agreement and the terms of the settlement contract with the Department. The petition also contained the following charges against the proceeds of the proposed settlement: (1) one-third of the proposed settlement ($33,333.33) to Wimmer & Stiehl for attorney fees, (2) 25% of the remainder of the proposed settlement ($16,666.67) to Wimmer & Stiehl for statutory attorney fees under the Act, and (3) $49,999.99 to the Department as partial reimbursement of its workers' compensation lien.

On August 20, 1997, the trial court held a hearing on the petition. Dierkes' attorney argued that he was entitled to a statutory fee under section 5(b) of the Act amounting to 25% of the amount reimbursed to the Department. He further argued that he was also entitled to the fee

in his contract for legal services with the estate, amounting to one-third of the settlement. The Department objected to the proposed distribution of the settlement, arguing that the estate's attorney was limited to the 25% statutory fee permitted under section 5(b) of the Act.

On that same day, the trial judge, relying on *Chaney v. National Steel Corp.*, 272 Ill. App. 3d 850, 651 N.E.2d 731 (1995), issued an order approving the settlement and authorizing the distribution of the settlement proceeds as proposed in the petition. The Department moved to stay the distribution of the disputed portion of the settlement proceeds. The trial court denied the Department's motion to stay.

On September 15, 1997, the Department filed its notice of appeal by mail. The Department also moved for a partial stay. On October 10, 1997, this court denied the Department's motion.

## ANALYSIS

The Department argues that the trial court erred in reducing the Department's recovery under its workers' compensation lien by awarding attorney fees to the estate's attorney in excess of the 25% allowed under section 5(b) of the Act. Specifically, the Department argues that the allocation of the settlement proceeds in this case impaired the employer's recovery under its statutory lien to a greater extent than allowed under the cost-sharing provisions of section 5(b). We disagree.

■ Section 5(b) of the Act provides, in pertinent part:

"(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act. ***

Out of any reimbursement received by the employer pursuant to this Section the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action[,] or suit[,] and where the services of an at-

torney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement[,] or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of the other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement." 820 ILCS 305/5(b) (West 1996).

The principle behind the fee provision in section 5(b) is that employers should pay their fair share of the costs of their employees' tort recoveries against third parties because those recoveries benefit the employers by enabling them to receive reimbursement for their workers' compensation payments. *Reno v. Maryland Casualty Co.*, 27 Ill. 2d 245, 247, 188 N.E.2d 657, 658 (1962). Attorney fees are to be assessed against the amount of workers' compensation paid prior to settlement, as well as the compensation that the employer would have paid in the future but for the settlement or decision in the underlying case. *Chaney*, 272 Ill. App. 3d at 858-59, 673 N.E.2d at 738, citing *Zuber v. Illinois Power Co.*, 135 Ill. 2d 407, 553 N.E.2d 385 (1990).

■ Based upon the reasoning in *Chaney* and the language of section 5(b), we do not find that the trial court erred. The law firm of Wimmer & Stiehl received separate fees for separate functions authorized under different laws. The fee of one-third of the settlement was based upon the law firm's contract with Dierkes. The law firm earned its one-third contractual fee by recovering a $100,000 settlement for the estate. The law firm earned its additional fee by·substantially contributing to the procurement by settlement of the proceeds from which the employer was reimbursed. See *Chaney*, 272 Ill. App. 3d at 860, 673 N.E.2d at 738. Wimmer & Stiehl earned its fee under section 5(b) by negotiating a settlement with Russell's insurance company that contributed to the Department's compensation benefits payable to Dierkes for 20 years. See *Chaney*, 272 Ill. App. 3d at 860, 673 N.E.2d at 738.

We note that the Department has cited cases from other districts in support of its position. Those cases suggest that in an action against a responsible third party, the employee's attorney is restricted to contingent fees of no more than 25% in cases where recovered damages are less than the amount of the employer's lien. This reasoning begs the question how to award attorney fees when the situation is different: one attorney for the settlement of the underlying suit and another attorney for the workers' compensation lien. We do not find these cases applicable here. *Chaney* states the rule applicable in the instant case.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

CHAPMAN and WELCH, JJ., concur.