(No. 87474.—

*In re* ESTATE OF HERMAN J. DIERKES (Estate of Herman J. Dierkes, Appellee; The Department of Transportation, Appellant).

*Opinion filed May 18, 2000.*

James E. Ryan, Attorney General, of Springfield (Joel D. Bertocchi, Solicitor General, and Erik G. Light, Assistant Attorney General, of Chicago, of counsel), for appellant.

Brian T. McCarthy, of Wimmer & Stiehl, of Belleville, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Under section 5(b) of the Workers' Compensation Act, an injured employee who has received workers' compensation benefits must reimburse the employer for those benefits from any recovery the employee receives from a liable third party. The provision grants the employer a lien on the recovery equal to the amount of workers' compensation benefits paid or owed. See *Ramsey v. Morrison*, 175 Ill. 2d 218, 237 (1997). The employer must pay the employee's attorney "25% of the gross amount of such reimbursement." 820 ILCS 305/5(b) (West 1996).

In this case, the circuit court of St. Clair County reduced the employer's reimbursement under its workers' compensation lien by awarding two attorney fees to the employee's law firm: one fee based on a private fee agreement between the employee and the firm, and the second attorney fee pursuant to the Act. The appellate court affirmed. 303 Ill. App. 3d 927.

We agree with the employer that the additional reduction of the employer's reimbursement based on the employee's private attorney fee agreement was contrary to the Act. We reverse the appellate and circuit courts,

and remand the cause to the circuit court with directions.

## BACKGROUND

The appellate court detailed the undisputed facts. 303 Ill. App. 3d at 928-30. Therefore, we will repeat only those facts necessary for our disposition of this appeal.

This case arises out of the administration of the estate of Herman Dierkes (decedent). Decedent was fatally injured by a third-party tortfeasor while employed by the Department of Transportation (Department).

Decedent's widow, who was the administrator of his estate, retained a law firm to pursue all claims against the third-party tortfeasor. Decedent's widow agreed to pay the law firm one-third of any amount recovered from the third party. The estate and the third party reached a proposed settlement; the third party offered the estate $100,000.

Also, the Department and the estate reached a settlement on workers' compensation benefits. In their settlement contract, the Department agreed to pay decedent's widow $2,176.11 per month for 20 years. According to the Department's calculation, which the estate's law firm does not dispute in its brief, the net present value of the compensation to decedent's widow far exceeds $100,000.

Decedent's widow petitioned the circuit court of St. Clair County to approve and distribute the proposed third-party settlement. The petition contained the terms of the third-party settlement and the terms of the settlement contract with the Department. The petition also contained the following charges against the proposed settlement: one-third of the proposed settlement ($33,333.33) to the estate's law firm for attorney fees based on its private contingency fee agreement with decedent's widow, 25% of the remainder of the proposed settlement ($16,666.67) to the firm for attorney fees pursuant to the Act, and the remainder of the proposed

settlement ($49,999.99) to the Department as reimburse-
ment under its workers' compensation lien.

At the close of a hearing on the petition, the circuit
court approved the third-party settlement and its
proposed distribution. The appellate court upheld the
distribution. 303 Ill. App. 3d 927. We allowed the
Department's petition for leave to appeal (177 Ill. 2d R.
315(a)).

## DISCUSSION

The Department does not dispute that its reimburse-
ment under its workers' compensation lien should be
reduced, pursuant to section 5(b) of the Act (820 ILCS
305/5(b) (West 1996)), by an attorney fee to the estate's
law firm of 25% of the $100,000 proposed settlement.
However, the Department contends that the circuit court
violated section 5(b) of the Act by further reducing its
reimbursement by the additional attorney fee to the
estate's law firm based on its private fee agreement with
decedent's widow. This narrow issue is one of statutory
interpretation, which is a question of law. Therefore, our
review is *de novo. Choi v. Industrial Comm'n,* 182 Ill. 2d
387, 392 (1998).

Section 5(b) of the Act states in pertinent part:

"(b) Where the injury or death for which compensation
is payable under this Act was caused under circumstances
creating a legal liability for damages on the part of some
person other than his employer to pay damages, then legal
proceedings may be taken against such other person to re-
cover damages notwithstanding such employer's payment
of or liability to pay compensation under this Act. In such
case, however, if the action against such other person is
brought by the injured employee or his personal represen-
tative and judgment is obtained and paid, or settlement is
made with such other person, either with or without suit,
then from the amount received by such employee or
personal representative there shall be paid to the employer
the amount of compensation paid or to be paid by him to
such employee or personal representative ***. ***

Out of any reimbursement received by the employer pursuant to this Section the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action or suit and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement." 820 ILCS 305/5(b) (West 1996).

The cardinal rule of interpreting statutes, to which all other canons and rules are subordinate, is to ascertain and give effect to the intent of the legislature. In determining legislative intent, a court should first consider the statutory language. *King v. Industrial Comm'n*, 189 Ill. 2d 167, 171 (2000); *McNamee v. Federated Equipment & Supply Co.*, 181 Ill. 2d 415, 423 (1998). Specifically in construing the Act, all portions thereof must be read as a whole, and in such a manner as to give them the practical and liberal interpretation intended by the legislature. *McNamee*, 181 Ill. 2d at 428; *K. & R. Delivery, Inc. v. Industrial Comm'n*, 11 Ill. 2d 441, 445 (1957).

The plain language of section 5(b) shows that an employer's reimbursement of workers' compensation payments from an employee's third-party recovery is crucial to the workers' compensation scheme. The practical and liberal operation of the Act is quite settled. The Act is primarily meant to provide prompt and equitable compensation for employees who are injured while working, regardless of fault. *J.L. Simmons Co. ex rel. Hartford Insurance Group v. Firestone Tire & Rubber Co.*, 108 Ill. 2d 106, 112 (1985); accord *Kelsay v. Motorola, Inc.*, 74 Ill. 2d 172, 180-81 (1978). Thus, an employer may be required to pay compensation to an injured employee even though the employer was without fault. "Section 5(b) allows both the employer and the employee an op-

portunity to reach the true offender while preventing the employee from obtaining a double recovery." *J.L. Simmons*, 108 Ill. 2d at 112. The Act accords with "the moral idea that the ultimate loss from wrongdoing should fall upon the wrongdoer." 6 A. Larson & L. Larson, Larson's Workers' Compensation Laws § 110.01, at 110—2 (1999).

However:

"It is equally elementary that the claimant should not be allowed to keep the entire amount both of his or her compensation award and of the common-law damage recovery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse it for its compensation outlay, and to give the employee the excess. This is fair to everyone concerned: the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he or she would normally pay ***; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone." 6 A. Larson & L. Larson, Larson's Workers' Compensation Laws § 110.02, at 110—3 to 110—4 (1999).

Section 5(b) of the Act reflects this commonsense concept:

"[A]n employee who has received compensation under the Act is required to reimburse the employer from any recovery the employee receives from a third party legally responsible for the employee's injuries. The obligation is to reimburse for the full amount of benefits paid or payable by the employer and a lien in favor of the employer is provided upon any recovery by the employee for the amount of the benefits. [820 ILCS 305/5(b) (West 1996).] The employee is entitled to retain only that portion of a recovery from the tortfeasor which exceeds the benefits received under the Act from the employer." *Ullman v. Wolverine Insurance Co.*, 48 Ill. 2d 1, 7 (1970).

There is nothing in the statute that suggests a limitation on the employee's obligation of reimbursement from the third-party recovery. If an employer has made workers' compensation payments, the obligation of reimburse-

ment exists regardless of the amount that the employee recovers. *Page v. Hibbard*, 119 Ill. 2d 41, 47 (1987). Thus, if the amount of compensation paid by the employer exceeds the employee's third-party recovery, then the employer is entitled to the entire recovery, less fees and costs. See *Continental Casualty Co. v. Sweda*, 113 Ill. App. 2d 423 (1969). Clearly, "[i]t is of utmost importance that the trial court protect an employer's [workers' compensation] lien." *Blagg v. Illinois F.W.D. Truck & Equipment Co.*, 143 Ill. 2d 188, 195 (1991).

Indeed, at one time an employer's reimbursement of workers' compensation payments could not be reduced even by a proportionate share of the employee's attorney fees and necessary costs in procuring the third-party recovery. Prior to 1957, "under the language of the statute there was no authority for such deduction and \*\*\* the employer was entitled to *complete* reimbursement." (Emphasis added.) *Hardwick v. Munsterman*, 15 Ill. 2d 564, 567 (1959); see *Manion v. Chicago, Rock Island & Pacific R.R. Co.*, 2 Ill. App. 2d 191, 204-06 (1954).

However, in 1957 the legislature added to the Act the second paragraph of section 5(b). "The plain purpose of this provision \*\*\* [is] to require an employer to contribute to the necessary costs of the employee's recovery against a negligent third party where the employer is to receive reimbursement from the recovery for workmen's compensation payments made or to be made to the employee." *Reno v. Maryland Casualty Co.*, 27 Ill. 2d 245, 247 (1962). The provision "is premised on the assumption that an employer should share in the fees and costs associated with the employee's lawsuit because the litigation benefits the employer by providing a fund from which the employer can obtain reimbursement of its workers' compensation payments" (*Silva v. Electrical Systems, Inc.*, 183 Ill. 2d 356, 361 (1998)), and operates "to prevent an unjust enrichment on the part of the employer" (*Reno*, 27 Ill. 2d at 248).

"The inclusion of [the second paragraph of section 5(b)] *** is a clear indication that without the specific statutory enactment no such liability would exist against the employer in actions by an employee against a third person." *Hardwick*, 15 Ill. 2d at 567-68. As is seen, the legislature removed impediments to the employer's full reimbursement, and specified setoffs thereto only for costs, expenses, and attorney fees. Had the legislature intended the employer's reimbursement to be subject to additional setoffs, the legislature would have supplied them. See *Foster v. Devilbiss Co.*, 174 Ill. App. 3d 359, 367 (1988).

Based on this understanding of section 5(b) of the Act, the appellate court has long rejected the use of a private fee agreement between the employee and the employee's attorney to reduce the employer's reimbursement of worker's compensation payments. In *Railkar v. Boll*, 125 Ill. App. 2d 203, 206-07 (1970), the court, citing *Hardwick*, held that:

"the provisions of the Workmen's Compensation Act for a 25% fee provide the only basis for recovery of plaintiff's attorney's fees as against the employer. There was no contractual relationship between the employee *** or his attorney *** and the [employer]. The inclusion of the provision of payment by the employer of a pro-rata share of costs, together with attorney's fees in section 5 of the Workmen's Compensation Act as amended in 1957, constitutes the only basis of the employer's liability to share the employee's burden of expenditures for recovery against a third party."

The appellate court has repeated this holding ever since. *Kimpling v. Canty*, 13 Ill. App. 3d 919, 922 (1973); *Vandygriff v. Commonwealth Edison Co.*, 68 Ill. App. 3d 396, 397-98 (1979); *Lewis v. Riverside Hospital*, 116 Ill. App. 3d 845, 850-51 (1983); *Mounce v. Tri-State Motor Transit Co.*, 150 Ill. App. 3d 806, 810-11 (1986); *Swets v. Tovar*, 284 Ill. App. 3d 1003, 1007-10 (1996); *American States Insurance Co. v. Bailey*, 285 Ill. App. 3d 687, 692-94

(1996). Indeed, this holding constitutes hornbook law. See 5 C. Nichols, Illinois Civil Practice § 104.78, at 783 (1997 rev. vol.); 37 Ill. L. & Prac. *Workers' Compensation* § 23, at 248 (1987).

We likewise agree with and adopt this holding. The statutory language "in the absence of other agreement" refers to any agreement between the employer and the employee or the employee's attorney. Absent such an agreement, section 5(b) of the Act requires the employer to pay as the employee's attorney fees 25% of the gross amount of the reimbursement. "If this does not satisfy the amount owed the attorney under [an] attorney-client agreement, then the attorney must seek any additional amounts from the client. The employer can not be expected to pay more than the statutorily required amount." *Mounce*, 150 Ill. App. 3d at 811.

However, in *Chaney v. National Steel Corp.*, 272 Ill. App. 3d 850 (1995), the appellate court reached a contrary conclusion. There, the court allowed the employer's reimbursement of workers' compensation payments to be reduced not only by the statutory 25% attorney fee, but also by an additional attorney fee based on a private fee agreement between the employee and the employee's attorney. The *Chaney* court reasoned that "each fee was for a separate function and authorized under a different law." *Chaney*, 272 Ill. App. 3d at 860. According to that decision, the employee's attorney earned his fee under the private fee agreement by recovering a settlement for the employee. In addition, the same attorney earned the statutory 25% fee by procuring the proceeds out of which the employer was reimbursed. *Chaney*, 272 Ill. App. 3d at 860.

The circuit court in this case stated that it was bound by the *Chaney* decision. In affirming the circuit court, the appellate court also followed the reasoning of *Chaney*. 303 Ill. App. 3d at 931.

This reasoning in *Chaney* rests on a fundamental misunderstanding of the attorney fee provision in section 5(b) of the Act. The Department correctly asserts that the 25% fee provision represents the employer's mandated *contribution* to the employee's attorney fees. *It does not constitute a second fee.* This court has described the employee's third-party recovery as follows:

"The second paragraph of section 5(b) contemplates a single recovery against a third party with the employee's share of the attorney's fee to be based on the part he recovers and the employer's share of the fee to be based on the part he recovers. While the employee's counsel is entitled to a part of his fee from the employee and a part from the employer, the total fee is in essence a single fee based on the single recovery from the third party." *Reno*, 27 Ill. 2d at 248-49.

Additionally, this court stated in *Hardwick* that the second paragraph of section 5(b) requires "a *proportionate amount* of the plaintiff-employee's costs and attorney's fees (the latter limited to 25 per cent of the recovery or settlement) be borne by the employer out of his reimbursement figure." (Emphasis added.) *Hardwick*, 15 Ill. 2d at 567. The requirement that the employer bear "a proportionate amount" of attorney fees indicates that the 25% statutory fee is a contribution to the injured employee's attorney fees and not a separate fee. The reasoning in *Chaney* to the contrary is erroneous; *Chaney* is hereby overruled on this point.

Turning to this case, the estate's law firm contends that this longstanding interpretation of section 5(b) of the Act would "destroy" the attorney-client relationship between an employee and the employee's attorney. The law firm asserts that such a holding imposes "on the attorney a duty to represent the employer."

To be sure, when the second paragraph of section 5(b) was enacted, others shared the concerns of the estate's law firm. See 2 G. Angerstein, Illinois Workmen's Compensation § 1040.10 (rev. ed. Supp. 1962) (criticizing

provision). However, we agree with the appellate court in *Page*, which reasoned: "It is readily apparent that employees' attorneys will often represent interests which are somewhat different than the interests of employers in cases such as this, and we believe that the language of section 5(b) of the Act [citation] countenances such a situation." *Page v. Hibbard*, 142 Ill. App. 3d 788, 797 (1986).

The estate's law firm also contends that our interpretation of the second paragraph of section 5(b) of the Act would have rendered that provision an unconstitutional impairment of contracts when it was enacted in 1957. However, the law firm does not—and could not—argue that the provision impairs *its* fee agreement with decedent's widow, made in 1997. " 'The law existing at the time a contract is made becomes a part of it. The constitutional provision denying the power to pass any law impairing the obligation of a contract has reference only to a statute enacted after the making of a contract.' " *Chmelik v. Vana*, 31 Ill. 2d 272, 281 (1964), quoting *People v. Ottman*, 353 Ill. 427, 430 (1933); see *In re Roberts Park Fire Protection District*, 61 Ill. 2d 429, 441 (1975).

CONCLUSION

We hold that the circuit court improperly reduced the Department's workers' compensation reimbursement from the proposed settlement by one-third prior to distributing the remainder. For the foregoing reasons, the judgment of the appellate court and the order of the circuit court of St. Clair County are reversed, and the cause is remanded to the circuit court for an order consistent with this opinion.

*Appellate court reversed;*
*circuit court reversed;*
*cause remanded with directions.*