THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JEREMINE T. HUBBERT, Defendant-Appellant.

Fourth District   No. 4—03—0836

Opinion filed March 16, 2005.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Jack Ahola, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Kathy Shepard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

Following a stipulated bench trial on September 30, 2003, the trial court convicted defendant, Jeremine T. Hubbert, of violation of bail bond (720 ILCS 5/32—10 (West 2002)). The court sentenced defendant to 24 months' probation. Defendant appeals, arguing that the trial court erred by denying his motion to transfer the charge to juvenile court. We affirm.

On October 10, 2002, the State charged defendant with armed robbery with a firearm (720 ILCS 5/18—2(a)(2) (West 2002)) (count I). On February 28, 2003, the trial court released defendant on a recognizance bond. On March 17, 2003, defendant failed to appear, and the court issued a warrant for his arrest. On July 11, 2003, the State charged defendant with violation of bail bond (720 ILCS 5/32—10 (West 2002)) (count II). Although defendant was a minor, the State prosecuted defendant under criminal law pursuant to sections 5—130(1)(a) and 5—130(5)(a) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/5—130(1)(a), (5)(a) (West 2002)).

On August 29, 2003, a jury found defendant not guilty of armed robbery with a firearm. On September 26, 2003, defendant filed a motion to transfer the violation-of-bail-bond charge to juvenile court, arguing that section 5—130(5)(a) of the Juvenile Court Act did not apply to defendant because a jury found defendant not guilty of armed robbery with a firearm and therefore defendant was no longer "subject to prosecution under the criminal laws of this State." Following a hearing, the trial court denied defendant's motion. Following a stipulated bench trial, the court convicted defendant of violation of bail bond and sentenced him to 24 months' probation. This appeal followed.

Defendant argues that the trial court erred by denying his motion to transfer the violation-of-bail-bond charge to juvenile court. Specifically, defendant argues he was no longer "subject to prosecution" for armed robbery with a firearm when he was tried for violation of bail bond and should not have been "excluded from jurisdiction of the juvenile court." This is a question of statutory construction. The fundamental rule of statutory construction is to ascertain and give effect to the legislature's intent. *Michigan Avenue National Bank v. County of Cook*, 191 Ill. 2d 493, 503-04, 732 N.E.2d 528, 535 (2000). The best indication of legislative intent is the statutory language, given its plain and ordinary meaning. *Illinois Graphics Co. v. Nickum*, 159 Ill. 2d 469, 479, 639 N.E.2d 1282, 1287 (1994). Where the language is clear and unambiguous, we will apply the statute without resort to further aids of statutory construction. *Davis v. Toshiba Machine Co., America*, 186 Ill. 2d 181, 184-85, 710 N.E.2d 399, 401 (1999). The construction of a statute is a question of law that we review *de novo*. *In re Estate of Dierkes*, 191 Ill. 2d 326, 330, 730 N.E.2d 1101, 1103 (2000).

■ Section 5—130(5)(a) of the Juvenile Court Act provides:

"The definition of delinquent minor under Section 5—120 of this Article shall not apply to any minor who is charged with a violation of *** Section 32—10 of the Criminal Code of 1961 [(720 ILCS

5/32—10 (West 2002))] when the minor is subject to prosecution under the criminal laws of this State as a result of the application of the provisions of Section 5—125, or subsection (1) or (2) of this Section. These charges and all other charges arising out of the same incident shall be prosecuted under the criminal laws of this State." 705 ILCS 405/5—130(5)(a) (West 2002).

■ We find no ambiguity in the language of section 5—130(5)(a). Rather, the legislature could not have been more clear. "[A]ny minor who is *charged* with a violation of *** Section 32—10 of the Criminal Code of 1961 *when the minor is subject to prosecution under the criminal laws of this State*" "shall be prosecuted under the criminal laws of this State." (Emphases added.) 705 ILCS 405/5—130(5)(a) (West 2002). In the present case, the State charged defendant with violation of bail bond on July 11, 2003, when defendant was subject to prosecution for armed robbery with a firearm (720 ILCS 5/18—2(a)(2) (West 2002)). Section 5—130(5)(a) required that defendant be prosecuted for the violation-of-bail-bond charge in criminal court. Thus, the trial court did not err by denying defendant's motion to transfer the violation-of-bail-bond charge to juvenile court.

For the reasons stated, we affirm the trial court's judgment.

Affirmed.

TURNER and STEIGMANN, JJ., concur.