**NOTICE**

Decision filed 07/13/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-05-0605

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

BILLY TAYLOR,

    Plaintiff-Appellant,

v.

PEKIN INSURANCE COMPANY,

    Defendant-Appellee.

) Appeal from the
) Circuit Court of
) Madison County.
)
) No. 05-MR-55
)
) Honorable
) Barbara J. Crowder,
) Judge, presiding.

_____

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, Billy Taylor, filed the instant action against defendant, Pekin Insurance Company, after being involved in an automobile accident with an uninsured motorist. The accident occurred during the course of plaintiff's employment with Herr Funeral Home (Herr). Herr insured its business vehicles with defendant. Defendant also acted as Herr's workers' compensation insurance carrier. As a result of the accident, plaintiff received workers' compensation benefits in the amount of $162,588.33. Plaintiff then asserted a claim for uninsured-motorist coverage benefits under the policy issued by defendant to Herr. Plaintiff was awarded $250,000 after arbitration. Defendant submitted a check to plaintiff in the amount of $87,412, asserting a credit for the full amount of the workers' compensation lien. Thereafter, plaintiff filed a complaint for declaratory judgment in the circuit court of Madison County, seeking a declaration of the rights and duties of defendant under the contract of insurance issued by defendant. In the complaint, plaintiff alleged he was entitled to statutory attorney fees in conjunction with his recovery under a workers' compensation lien, a judgment in his favor due to defendant's vexatious refusal to pay the full amount of

1

an uninsured-motorist claim, and reasonable attorney fees and costs incurred in the prosecution of his case against defendant. Defendant filed a motion to dismiss, which the trial court granted. Plaintiff now appeals, arguing the trial court erred in granting defendant's motion to dismiss and allowing defendant to deduct from plaintiff's uninsured-motorist award the full amount of plaintiff's workers' compensation payment. We reverse and remand.

BACKGROUND

On August 4, 1999, while in the course of his employment with Herr, plaintiff was involved in an automobile accident with a vehicle operated by James Gentry, an uninsured motorist. Plaintiff sought benefits pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1998)) for injuries he sustained in the accident. Ultimately, plaintiff settled the workers' compensation claim, receiving benefits totaling $162,588.33 from defendant.

Plaintiff also asserted a claim for uninsured-motorist coverage benefits under Herr's policy of automobile insurance issued to Herr by defendant. Pursuant to the provisions of the policy, plaintiff and defendant selected arbitrators who, in turn, selected a third arbitrator to serve on the arbitration panel hearing plaintiff's claim. After a hearing, the panel entered an award in favor of plaintiff in the amount of $250,000.

Defendant issued a check in the amount of $87,412 in purported full satisfaction of the arbitration award. Defendant asserted it was entitled to a setoff of the full amount of the workers' compensation lien in the amount of $162,588.33, based upon language found in the uninsured-motorist provisions of the automobile policy. Plaintiff agreed that the policy allowed for a setoff of workers' compensation benefits, but he demanded an additional $40,467, reflecting the 25% statutory attorney fees as provided by section 5(b) of the Act (820 ILCS 305/5(b) (West 1998)).

Defendant denied plaintiff's claim for an additional $40,467, prompting plaintiff to

2

file a complaint for declaratory judgment on January 28, 2005. In response, defendant filed a motion to dismiss. The parties submitted memoranda of law in support of their positions. After a hearing, the trial court entered an order granting defendant's motion to dismiss. Plaintiff now appeals.

ANALYSIS

The issue we are asked to address is whether the trial court erred in granting defendant's motion to dismiss, thereby allowing defendant to deduct from an uninsured-motorist award the full amount of plaintiff's workers' compensation award. While the parties agree on little, they do agree that the instant case presents an issue of first impression. Plaintiff asserts that the trial court erred in granting defendant's motion to dismiss for the following three reasons: (1) the policy language pertaining to the setoff, which incorporated "workers' compensation law," was intended to encompass all provisions of the Act, including section 5(b), which operates to reduce the policy's mandated setoff by the amount of legal fees plaintiff was charged in obtaining the workers' compensation benefits, (2) to interpret the policy language allowing a setoff for the entire amount of the workers' compensation lien contradicts the public policy underlying the legislation mandating the incorporation of uninsured-motorist coverage provisions in automobile insurance policies, and (3) the intent of the Illinois Insurance Code (Code) (215 ILCS 5/1 *et seq.* (West 1998)) is to place the insured seeking uninsured-motorist coverage in the same position as if the uninsured motorist was insured. Plaintiff insists there is no logic or law that would dictate he should receive less under his uninsured-motorist claim than he would have received if the uninsured motorist had been insured.

Defendant responds that the judgment order granting its motion to dismiss was not in error and should be affirmed. Defendant specifically contends section 5(b) of the Act is not applicable to the setoff provision in the policy and does not operate to reduce the setoff by

3

any amount. Defendant further contends that even assuming, *arguendo*, that the Act is incorporated into the policy at issue, section 5(b) of the Act is nevertheless inapplicable to the uninsured-motorist award because it applies only where there is a recovery from a third-party tortfeasor, not the first-party uninsured-motorist claim here in issue. Defendant insists it is entitled to a setoff for the full amount of benefits plaintiff received from the workers' compensation carrier, regardless of any legal fees plaintiff incurred. After careful consideration, we agree with plaintiff.

"[T]he construction of an insurance policy is a question of law subject to *de novo* review." *State Farm Mutual Automobile Insurance Co. v. Villicana*, 181 Ill. 2d 436, 441, 692 N.E.2d 1196, 1199 (1998). Ambiguous language in an insurance policy should be construed against the drafter. *Katz v. American Family Insurance Co.*, 163 Ill. App. 3d 549, 552, 516 N.E.2d 795, 796 (1987). "If the terms of the policy are clear and unambiguous, they must be given their plain and ordinary meaning." *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479, 687 N.E.2d 72, 75 (1997).

The policy provision at issue regarding the limits of liability under the uninsured-motorist coverage states as follows:

"E. OUR LIMIT OF LIABILITY

* * *

Any amounts otherwise payable for damages under this coverage shall be reduced by all sums paid or payable for the bodily injury under any workers' or workmen's compensation law, disability benefits law[,] or any similar law.

Any payment under this coverage to or for a covered person will reduce any amount that person is entitled to recover under the Liability Coverage of this policy."

The policy states that there is to be a setoff for "all sums paid or payable *** under any workers' *** compensation law." At first blush, the language appears reasonable, because

4

the Illinois Supreme Court has determined that workers' compensation payments may be deducted from benefits received under an uninsured-motorist policy (*Ullman v. Wolverine Insurance Co.*, 48 Ill. 2d 1, 269 N.E.2d 295 (1970)).

In *Ullman*, the supreme court rejected the argument that such a deduction violates public policy. The *Ullman* court reasoned that an employee who has received workers' compensation must reimburse the employer from any recovery the employee received from a third party responsible for the employee's injuries. See Ill. Rev. Stat. 1969, ch. 48, par. 138.5(b); 820 ILCS 305/5(b) (West 1998). The employee may retain only the portion of a recovery from the tortfeasor that exceeds the total workers' compensation benefits received. Because the employee would not retain the workers' compensation anyway, allowing the insurer to deduct workers' compensation payments from uninsured-motorist coverage places the insured in the same position he would occupy if the tortfeasor had been minimally insured. The *Ullman* court noted that without the deduction for workers' compensation, the extent of the injured employee's recovery "would hinge on the fortuitous circumstance that the tortfeasor was uninsured and was not otherwise financially responsible" and that an insurance policy limitation which precludes that result is not offensive to public policy. *Ullman*, 48 Ill. 2d at 8, 269 N.E.2d at 298.

*Ullman*, however, did not address the specific question before us concerning the statutorily guaranteed payment of attorney fees as provided for under section 5(b) of the Act. Defendant asserts that the policy language supercedes the provisions of section 5(b), which provides in pertinent part as follows:

"(b) Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such

5

employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act. If the employee or personal representative brings an action against another person and the other person then brings an action for contribution against the employer, the amount, if any, that shall be paid to the employer by the employee or personal representative pursuant to this Section shall be reduced by an amount equal to the amount found by the trier of fact to be the employer's pro rata share of the common liability in the action.

Out of any reimbursement received by the employer pursuant to this Section the employer shall pay his pro rata share of all costs and reasonably necessary expenses in connection with such third-party claim, action[,] or suit[,] and where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement[,] or otherwise of the proceeds out of which the employer is reimbursed, then, in the absence of other agreement, the employer shall pay such attorney 25% of the gross amount of such reimbursement." 820 ILCS 305/5(b) (West 1998).

The ruling by the trial court allowed defendant a setoff for the entire amount of the workers' compensation lien, without a 25% reduction for attorney fees as provided for in the above statute.

However, the policy language on which defendant relies cannot be read in isolation.

6

Instead, it must be read in conjunction with the Act, public policy considerations, and the reasonable expectations of the policyholder. The original purpose behind the statutorily mandated uninsured-motorist provision was to place the insured in substantially the same position he or she would have occupied if injured by a motorist who was minimally insured. *Ullman*, 48 Ill. 2d at 4, 269 N.E.2d at 297. However, since *Ullman*, our General Assembly amended the Code to allow an insured to purchase uninsured-motorist coverage in amounts equal to the general-liability coverage limits of the insured's policy, unless that option is specifically rejected by the insured.

At the relevant time, section 143a-2(2) of the Code specifically provided:

"(2) Right of rejection of additional uninsured motorist coverage. After June 30, 1991, every application for motor vehicle coverage must contain a space for indicating the rejection of additional uninsured motorist coverage. No rejection of that coverage may be effective unless the applicant signs or initials the indication of rejection. The applicant may reject additional uninsured motorist coverage in excess of the limits set forth in Section 7-203 of the Illinois Vehicle Code. In those cases, including policies first issued before July 1, 1991, where the insured has elected to purchase limits of uninsured motorist coverage which are less than bodily injury liability limits or to reject limits in excess of those required by law, the insurer need not provide in any renewal, reinstatement, reissuance, substitute, amended, replacement[,] or supplementary policy, coverage in excess of that elected by the insured in connection with a policy previously issued to such insured by the same insurer unless the insured subsequently makes a written request for such coverage."

215 ILCS 5/143a-2(2) (West 1998).

Therefore, the limitation described in *Ullman*, to place the injured party in the same position he would have been in had the tortfeasor been *minimally* insured, has been superceded by

7

our legislature's intent to allow the injured party to obtain uninsured-motorist coverage in an amount equal to his general-liability insurance. *Hathaway v. Standard Mutual Insurance Co.*, 285 Ill. App. 3d 67, 73, 673 N.E.2d 725, 729 (1996).

Defendant relies on *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 591 N.E.2d 427 (1992), in support of its proposition that it is entitled to set off the full amount of workers' compensation benefits paid to plaintiff. However, we find defendant's reliance on *Sulser* misplaced. In *Sulser*, the supreme court held that the insurer could reduce payments due under underinsured-motorist coverage by the amount of workers' compensation benefits received by the insured, despite the absence of specific language in the underinsured-motorist insurance statute allowing for that setoff. The supreme court specifically stated:

> "[W]e believe that the legislature did not intend to provide that an insured would receive *greater* benefits under an underinsured than under an uninsured motorist policy. In enacting both section 143a(4) and section 143a-2(3), the legislature intended to place the insured in the same position he would have occupied if injured by a motorist who carried liability insurance in the same amount as the policyholder. Since deducting workers' compensation payments from coverage under his underinsured motorist policy would still fully compensate the policyholder for his injury, we see no reason to interpret section 143a-2(3) as intending a different result than section 143a(4). Reading the two provisions together, noting that neither provision prohibits deductions for workers' compensation benefits, and construing the intent of the legislature to be the same in enacting each provision, we hold that workers' compensation benefits may offset payments made by the insurer under underinsured motorist policies." (Emphasis in original.) *Sulser*, 147 Ill. 2d at 558, 591 N.E.2d at 430-31.

8

Applying the same logic here, *Sulser* actually supports plaintiff's position that the absence of specific language does not prohibit the application of section 5(b) allowing for a deduction of attorney fees in computing the setoff.

We also disagree with defendant's assertion that section 5(b) applies only in cases in which the recovery is from a third-party tortfeasor, not the first-party uninsured-motorist claim. Plaintiff, who was injured by an uninsured motorist, is entitled to recover the full amount of liability insurance available under Herr's policy, because Herr had purchased uninsured-motorist coverage in that amount and had a reasonable expectation of recovering that amount. Moreover, defendant should not be allowed to pick and choose which portions of the policy are applicable. As plaintiff points out, the policy language clearly identifies "workers' compensation law" as the statutory basis for calculating the setoff. Workers' compensation law includes the provisions of section 5(b) of the Act, which set forth the terms and conditions for calculating the workers' compensation lien and requires a 25% reduction for the payment of attorney fees.

Plaintiff is entitled to the additional sum of $40,467, reflecting the 25% paid to plaintiff's attorney in the workers' compensation case. That interpretation is consistent with the public policy of our state, which allows an insured to be compensated to the full amount available under the general liability coverage limits of the insured's policy. However, because this is a case of first impression, defendant's original denial of plaintiff's claim for the additional $40,467 does not appear vexatious.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Madison County is hereby reversed, and the cause is remanded for proceedings not inconsistent with this opinion.

9

Reversed and remanded with directions.

CHAPMAN, J., concurs.

JUSTICE DONOVAN, dissenting:

Following the reasoning of *Terry v. State Farm Mutual Automobile Insurance Co.*, 287 Ill. App. 3d 8, 677 N.E.2d 1019 (1997), I must dissent. Under the terms of the uninsured-motorist policy provisions of the Pekin Insurance Company (Pekin) policy, Pekin was entitled to a setoff of the full amount of the workers' compensation benefits received. Plaintiff Billy Taylor acknowledges that the policy provision allows such a setoff, and case law supports these provisions. See *Ullman v. Wolverine Insurance Co.*, 48 Ill. 2d 1, 6, 269 N.E.2d 295, 298 (1970) (workers' compensation payments may be deducted from benefits received under an uninsured-motorist policy with no violation of Illinois public policy); see also *Sulser v. Country Mutual Insurance Co.*, 147 Ill. 2d 548, 591 N.E.2d 427 (1992) (an insurer is allowed to reduce liability coverage under an underinsured-motorist policy by the amount of workers' compensation payments made to the insured). He argues, however, that he is also entitled to a reduction of the setoff amount, pursuant to section 5(b) of the Workers' Compensation Act (Act) (820 ILCS 305/5(b) (West 1998)), reflecting the 25% attorney fees afforded for the recovery of a lien. I disagree. There was no recovery of any lien from a third-party tortfeasor. "Out of any *reimbursement* received by the employer pursuant to this Section the employer shall pay *** in connection with such *third-party* claim, action[,] or suit *** such attorney 25% of the gross amount of such *reimbursement*." (Emphasis added.) 820 ILCS 305/5(b) (West 1998). We are faced here with a contractual setoff, not a third-party claim and lien. No monies were paid back to the workers' compensation carrier or employer. There simply was no recovery or reimbursement

10

triggering the reduction for 25% attorney fees under section 5(b) of the Act.

I therefore believe the order granting Pekin's motion to dismiss should be affirmed.

NO. 5-05-0605

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| BILLY TAYLOR, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 05-MR-55 |
| | ) | |
| PEKIN INSURANCE COMPANY, | ) | Honorable |
| | ) | Barbara J. Crowder, |
| Defendant-Appellee. | ) | Judge, presiding. |

**Opinion Filed**:     July 13, 2007

---

**Justices**:     Honorable Richard P. Goldenhersh, J.

Honorable Melissa A. Chapman, J.,
Concurs
Honorable James K. Donovan, J.,
Dissents

---

**Attorneys for Appellant**     William L. Berry, John W. Leskera, Kevin J. Newton, Dunham, Boman & Leskera, 300 West Clay Street, Collinsville, IL 62234

---

**Attorneys for Appellee**     Tori L. Cox, Stephen C. Mudge, Reed, Armstrong, Gorman, Mudge & Morrissey, P.C., 115 N. Buchanan, Edwardsville, IL 62025