Docket No. 105158.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

BILLY TAYLOR, Appellee, v. PEKIN INSURANCE COMPANY, Appellant.

*Opinion filed November 20, 2008.*

JUSTICE BURKE delivered the judgment of the court, with opinion.

Chief Justice Fitzgerald and Justices Freeman, Thomas, Kilbride, Garman, and Karmeier concurred in the judgment and opinion.

## OPINION

This case involves the application of section 5(b) of the Workers' Compensation Act (820 ILCS 305/5(b) (West 2006)), which grants an employer a lien on an employee's recovery against a third-party tortfeasor, up to the amount of the workers' compensation benefits paid to the employee. The second paragraph of section 5(b) requires the employer to pay the employee's attorney an attorney fee totaling 25% of the amount of the lien recovered by the employer. At issue here is whether the 25% fee provision applies where the employee has received benefits under the uninsured-motorist provision of his employer's automobile liability policy. We hold section 5(b) does not apply to the factual circumstances in the instant case.

BACKGROUND

On August 4, 1999, plaintiff Billy Taylor was driving a vehicle in the course of his employment with Herr Funeral Home (Herr) when he was struck by James Gentry, an uninsured motorist. Herr insured its vehicles under an automobile liability policy issued by defendant Pekin Insurance Company (Pekin). Pekin also acted as Herr's workers' compensation insurance carrier.

Plaintiff filed a claim under the Workers' Compensation Act (Act) and received $162,588.33 in workers' compensation benefits. Plaintiff then filed a claim under the uninsured-motorist provision of Herr's automobile policy. The parties chose arbitrators, who entered an award in favor of plaintiff in the amount of $250,000. Pekin delivered a check to plaintiff for $87,411.67–the difference between the $250,000 arbitration award and the $162,588.33 workers' compensation award. The setoff was based on the following provision in the auto policy:

> "PART VI–UNINSURED MOTORISTS INSURANCE (INCLUDING UNDERINSURED MOTORIST)
>
> ***
>
> E. OUR LIMIT OF LIABILITY
>
> ***
>
> Any Amounts otherwise payable for damages under this coverage shall be reduced by all sums paid or payable for the bodily injury under any workers' or workmen's compensation law, disability benefits law or any similar law. Any payment under this coverage to or for a covered person will reduce any amount that person is entitled to recover under the Liability Coverage of this policy."

The uninsured-motorist section of the auto policy contains no provision for attorney fees.

Plaintiff filed a complaint in the circuit court of Madison County seeking a declaration that he was entitled to $40,467[1] from Pekin, for

---

[1] Section 5(b) would permit plaintiff's attorney to receive 25% of plaintiff's workers' compensation benefit, which in this case would be 25% of $162,588.33, or $40,647. Whether due to miscalculation or

attorney fees which he claimed pursuant to section 5(b) of the Act (820 ILCS 305/5(b) (West 2006)). Section 5(b) provides in pertinent part:

> "Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person *other than his employer* to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative including amounts paid or to be paid pursuant to paragraph (a) of Section 8 of this Act. ***
>
> Out of any reimbursement received by the employer pursuant to this Section the employer shall pay his pro rata share of all costs and reasonably necessary expenses *in connection with such third-party claim, action or suit* and *where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed*, then, in the absence of other agreement, the *employer shall pay such attorney 25% of the gross amount of such reimbursement.*" (Emphases added.) 820 ILCS 305/5(b) (West 2006).

Pekin filed a motion to dismiss, arguing plaintiff was not entitled to the $40,467 because neither the auto policy nor any statute authorizes plaintiff to collect attorney fees. The trial court granted the motion and dismissed plaintiff's complaint.

---

typographical error, plaintiff requested $40,467.

-3-

The appellate court reversed, finding plaintiff was entitled to the $40,467. 376 Ill. App. 3d 834, 841. The court held section 5(b) applied to the parties because the auto policy identifies "workers' compensation law" as the basis for calculating the setoff, and section 5(b) is included within "workers' compensation law." 376 Ill. App. 3d at 841. Justice Donovan dissented, arguing plaintiff was not entitled to the attorney fee because section 5(b), by its terms, is inapplicable to the facts of this case. 376 Ill. App. 3d at 841-42 (Donovan, J., dissenting).

We allowed Pekin's petition for leave to appeal (210 Ill. 2d R. 315(a)) and now reverse the judgment of the appellate court.


ANALYSIS

At the outset, we note that Pekin briefly suggests section 5(b) does not apply because it was not made part of the auto policy, and the uninsured-motorist provision does not authorize attorney fees. Plaintiff disagrees, contending that section 5(b) is incorporated into the auto policy based on the reference to workers' compensation law in the uninsured-motorist provision. He argues that if Pekin is allowed to set off against the uninsured-motorist payment any amount paid under workers' compensation law, that "law" should include all provisions, including section 5(b). We agree with plaintiff that, because the auto policy broadly references workers' compensation law, it is appropriate to examine the language of section 5(b) to determine its applicability to the parties.

The issue we must decide is whether section 5(b) requires Pekin to pay the 25% fee where plaintiff has been compensated for his injuries through his employer's uninsured-motorist insurance rather than through a claim against a liable third party. As such, this case involves an issue of statutory interpretation, a question of law we review *de novo*. See *Kankakee County Board of Review v. Property Tax Appeal Board*, 226 Ill. 2d 36, 51 (2007). The primary objective in interpreting a statute is to give effect to the intent of the legislature. *Harshman v. DePhillips*, 218 Ill. 2d 482, 493 (2006). The most reliable indicator of the legislature's intent is the language of the statute, which must be given its plain and ordinary meaning. *Harshman*, 218 Ill. 2d at 493. Statutory language that is unambiguous

-4-

must be applied as written, without resorting to other aids of construction. *People v. Bywater*, 223 Ill. 2d 477, 485 (2006). We may not depart from the plain language of an unambiguous statute by reading into it exceptions, limitations, or conditions not expressed by the legislature. *People v. Wright*, 194 Ill. 2d 1, 29 (2000).

Pekin contends that section 5(b) by its terms does not apply because there was no recovery from a third-party tortfeasor. We agree with Pekin. Section 5(b) clearly specifies that where legal proceedings are instituted against a person, *other than the employer*, who is liable for damages, "and judgment is obtained and paid, or settlement is made with such other person," the employer is to be reimbursed the amount of workers' compensation benefits paid or to be paid to the employee. 820 ILCS 305/5(b) (West 2006). This court has held that section 5(b) grants the employer a lien on the recovery from a third party equal to the amount of workers' compensation benefits paid or owed to the employee. *In re Estate of Dierkes*, 191 Ill. 2d 326, 328 (2000). The second paragraph of section 5(b) provides that "where the services of an attorney at law of the employee or dependents have resulted in or substantially contributed to the procurement by suit, settlement or otherwise of the proceeds out of which the employer is reimbursed, *** the employer shall pay such attorney 25% of the gross amount of such reimbursement." 820 ILCS 305/5(b) (West 2006).

In the case at bar, the employee obtained recovery for his injuries through his employer's uninsured-motorist coverage. No legal proceedings were undertaken against a third party responsible for the injuries. There was no "third-party claim, action or suit" under the express language of section 5(b) (820 ILCS 305/5(b) (West 2006)). Pekin's setoff was pursuant to the contract between the parties, not pursuant to section 5(b). As Justice Donovan correctly noted in his dissent: "No monies were paid back to the workers' compensation carrier or employer. There simply was no recovery or reimbursement triggering the reduction for 25% attorney fees under section 5(b) of the Act." 376 Ill. App. 3d at 842 (Donovan, J., dissenting). See also *Terry v. State Farm Mutual Automobile Insurance Co.*, 287 Ill. App. 3d 8, 12-13 (1997) ("the language of section 5(b) of the Act that refers to a legal liability to pay damages refers to liability in tort, not contractual liability under an underinsured motorist policy");

*Hartford Accident & Indemnity Co. v. Cummings*, 66 Ill. App. 3d 704, 708 (1978) (uninsured-motorist payments are based on the insured's contractual claim against his insurer, not on a tort by the uninsured motorist).

Nowhere in its opinion did the appellate court majority address the language of section 5(b) and its applicability to the parties. Instead, the court focused on the public policy underlying the uninsured-motorist statute. The appellate court majority held that requiring Pekin to pay the 25% fee was consistent with the legislative intent that a claimant seeking uninsured-motorist benefits shall be placed in the same position he would have been in had he filed a successful action against a fully insured tortfeasor. See *Hoglund v. State Farm Mutual Automobile Insurance Co.*, 148 Ill. 2d 272, 279 (1992); *Ullman v. Wolverine Insurance Co.*, 48 Ill. 2d 1, 4 (1970). But in so holding, the majority ignored what this court has held is the legislative purpose of section 5(b).

Section 5(b) was enacted in order to allow both the employer and employee " 'an opportunity to reach the true offender while preventing the employee from obtaining a double recovery.' " *Dierkes*, 191 Ill. 2d at 331-32, quoting *J.L. Simmons Co. ex rel. Hartford Insurance Group v. Firestone Tire & Rubber Co.*, 108 Ill. 2d 106, 112 (1985). The 25% fee provision in the second paragraph of section 5(b) was added "to require an employer to contribute to the necessary costs of the employee's recovery against a negligent third party." *Reno v. Maryland Casualty Co.*, 27 Ill. 2d 245, 247 (1962). "The provision 'is premised on the assumption that an employer should share in the fees and costs associated with the employee's lawsuit because the litigation benefits the employer by providing a fund from which the employer can obtain reimbursement of its workers' compensation payments' (*Silva v. Electrical Systems, Inc.*, 183 Ill. 2d 356, 361 (1998)), and operates 'to prevent an unjust enrichment on the part of the employer' (*Reno*, 27 Ill. 2d at 248)." *Dierkes*, 191 Ill. 2d at 333. The stated purpose behind section 5(b) is not advanced in this case, where Pekin has received no benefit or reimbursement from a third party.

Moreover, the appellate court misconstrued the way the section 5(b) attorney fee operates. Under the court's holding, the plaintiff would receive "the additional sum of $40,467, reflecting the 25%

paid to plaintiff's attorney in the workers' compensation case." 376 Ill. App. 3d at 841. This result distorts the statute, for two reasons. First, plaintiff is not entitled to reimbursement for any attorney fees he may have incurred in his workers' compensation case. The 25% fee in section 5(b) is payable to plaintiff's attorney based on the attorney's services in obtaining a recovery against a third-party tortfeasor in his tort claim. The fee has nothing to do with the fees owed to plaintiff's attorney in the workers' compensation case.

Second, under the plain language of the statute, the 25% fee is payable *to the attorney*, not to the plaintiff. 820 ILCS 305/5(b) (West 2006); see *Dierkes*, 191 Ill. 2d at 329-30. "The second paragraph of section 5(b) contemplates a single recovery against a third party with the employee's share of the attorney's fee to be based on the part he recovers and the employer's share of the fee to be based on the part he recovers. While the employee's counsel is entitled to a part of his fee from the employee and a part from the employer, the total fee is in essence a single fee based on the single recovery from the third party." *Reno*, 27 Ill. 2d at 248-49.

Had plaintiff recovered $250,000 from a fully insured third-party motorist, he would have received the same $87,411.67 after deducting the employer's workers' compensation lien. Both plaintiff and his employer would have had to pay a fee to plaintiff's attorney based on the amount recovered by each of them. Plaintiff is in no better or worse position than he would have been in had he received a recovery from a responsible third party.

There is no statutory or contractual basis to compel Pekin to pay an attorney fee in the amount of 25% of its contractual setoff where no third-party claim has been filed. Our holding is consistent with Illinois' long-standing adherence to the "American Rule" whereby a successful party generally is responsible for his or her own attorney fees in the absence of a statute or contractual agreement allowing the recovery of fees. *Duignan v. Lincoln Towers Insurance Agency, Inc.*, 282 Ill. App. 3d 262, 268 (1996).

Under the auto policy, Pekin is entitled to a setoff of the full amount of workers' compensation benefits paid to plaintiff, without deducting 25% for attorney fees.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the appellate court and affirm the judgment of the circuit court dismissing plaintiff's complaint for declaratory judgment.

*Appellate court judgment reversed;*
*circuit court judgment affirmed.*