NOTICE
Decision filed 05/29/20. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2020 IL App (5th) 190216-U

NO. 5-19-0216

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| LESTER L. SANCHEZ, | ) | Madison County. |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 13-D-566 |
| | ) | |
| ANGELA L. SANCHEZ, | ) | Honorable |
| | ) | Maureen D. Schuette, |
| Respondent-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Overstreet concurred in the judgment.

**ORDER**

¶ 1   *Held*: The circuit court did not err in calculating petitioner's child support obligation where respondent failed to demonstrate that the shared physical care adjustment was based solely on petitioner's entitled parenting time.

¶ 2   Petitioner, Lester L. Sanchez, and respondent, Angela L. Sanchez, are the parents of a minor child. The parties were divorced on May 23, 2018. On February 6, 2019, the circuit court recalculated petitioner's child support obligation utilizing the shared physical care adjustment pursuant to section 505(a)(3.8) of Illinois Marriage and Dissolution of Marriage Act. 750 ILCS 5/505(a)(3.8) (West 2018). Upon recalculation, petitioner's child

1

support obligation was reduced, and the circuit court retroactively applied the reduction to the date of the parties' dissolution of marriage. On February 11, 2019, respondent filed a motion to vacate and set aside the circuit court's February 6, 2019, order (motion to vacate). The circuit court denied respondent's motion to vacate on May 3, 2019. Respondent now appeals arguing that the circuit court erred in applying the shared physical care adjustment based upon petitioner's entitled number of overnight parenting time instead of the actual number of overnights petitioner exercised. Because respondent fails to demonstrate that the shared physical care adjustment was based solely on petitioner's entitled parenting time, we affirm the judgment of the circuit court.

¶ 3                                I. BACKGROUND

¶ 4     The facts relevant to this appeal are as follows. The parties were married on May 27, 2000, and one child[1] was born during the marriage. On June 27, 2013, petitioner filed for dissolution of marriage. The circuit court entered a temporary order on October 8, 2014, directing petitioner to pay temporary child support in the amount of $790 per month. Petitioner was also directed to pay two days of the minor child's day care expense per week, and to place the minor child on his health insurance plan.

¶ 5     On January 4, 2016, the circuit court entered a judgment of allocation of parental responsibilities incorporating a parenting plan.[2] The judgment of allocation of parental responsibilities provided, in relevant part, that:

---

[1]D.N.S., date of birth February 5, 2006.

[2]The record did not contain a "Parenting Plan," but the judgement of allocation of parental responsibilities reflected the "Conclusion and Best Interest Recommendation" section of the guardian *ad litem* report filed on October 29, 2015.

"a. [Petitioner] shall have parenting time every other weekend, beginning from Friday at 6:00 p.m. until Monday when [petitioner] takes the child to school. If there is no school on Monday, then [petitioner] shall return the child to [respondent] by 9:00 a.m. ***

b. The [petitioner] shall have every Tuesday, when he shall retrieve the child from school, until Wednesday morning, when [petitioner] shall take the child to school."

The judgment of allocation of parental responsibilities further apportioned holidays, birthdays, and the minor child's educational breaks between the parties, conferring in excess of 146[3] overnights per year of parenting time to petitioner.

¶ 6    On May 23, 2018, the circuit court entered a judgment of dissolution of marriage and property disposition which incorporated the judgment of allocation of parental responsibilities. The judgment of dissolution of marriage and property disposition also specified, *inter alia*, that:

"7.    Husband and Wife agree that the issue of the amount of child support payable herein shall be reassessed and evaluated under current statutory income sharing guidelines without the necessity of proof of a substantial or material change in circumstances since the entry of the prior child support order of the Court, which

---

[3]Respondent claims that it is an undisputed fact that the judgment of allocation of parental responsibilities awarded petitioner 157 overnights per year and petitioner claims that it is an undisputed fact that petitioner was awarded 168 overnights per year. There is no indication in the record on the number of overnights that the circuit court determined petitioner was entitled to exercise. Determining the exact number of overnights is not necessary for our analysis since the parties agree that petitioner was awarded in excess of 146 overnights per year.

prior order was made based upon net income percentage guidelines provided by prior statute, since repealed."

¶ 7    Petitioner filed a motion to enforce judgment on August 13, 2018. Petitioner's motion to enforce judgment requested that the circuit court recalculate petitioner's child support obligation under current statutory income sharing guidelines as mandated by the judgment of dissolution of marriage and property disposition. On February 6, 2019, the circuit court heard petitioner's motion to enforce judgment, and on the same day, issued the following written order:

"Cause called on Petitioner's Motion to Enforce Judgment. Parties appear in person and/or by counsel. The court being advised of the agreed calculations and upon hearing arguments of counsel finds as follows:

1. The Petitioner's child support as calculated by the guidelines is $136.91 per month which includes his contribution to the costs of health insurance.

2. This amount shall be retroactive to the date of entry of the judgment of dissolution of marriage of May 23, 2018.

3. The retroactive overpayment of $653.09 per month is calculated as a total of $5224.72 as of January 31, 2019. Judgment is entered thereon in favor of petitioner against respondent. Execution to ensue.

\*\*\*

So Ordered."

No record of proceedings was made of the February 6, 2019, circuit court's hearing on petitioner's motion to enforce judgment.

4

¶ 8     On February 11, 2019, respondent filed a motion to vacate the circuit court's order of February 6, 2019. In her motion to vacate, respondent argued that the circuit court erred in applying the shared physical care adjustment based upon petitioner's entitled number of overnight parenting time conferred in the judgment of allocation of parental responsibilities instead of the actual number of overnights petitioner exercised. Respondent's motion to vacate alleged that petitioner only exercised:

"a. 52 Tuesday/Wednesday overnights per year (1 overnight x 52 weeks = 52);

b. 78 weekend overnights per year (3 overnights x 26 weeks = 78);

c. The aggregate number of these annual overnights actually exercised by Petitioner on alternate weekends and Tuesday/Wednesday therefore has been 130[.]"

Respondent further alleged that petitioner did not exercise any of his allotted parenting time on holidays or school breaks, except an occasional single overnight at Christmas. On May 3, 2019, the circuit court conducted an evidentiary hearing on respondent's motion to vacate.

¶ 9     At the evidentiary hearing on respondent's motion to vacate, respondent testified that petitioner exercised his parenting time every other weekend and one night per week, but that petitioner had historically not exercised any of his entitled parenting time for holidays or school breaks. Respondent testified that, on average, petitioner had the minor child for overnight parenting time no more than 130 days per year since the January 4, 2016, judgment of allocation of parenting responsibilities was entered.

¶ 10    Respondent admitted that she would not allow petitioner any make-up parenting time for the periods he missed due to his National Guard obligations "because it's not in

5

the child paperwork to do that." Respondent stressed, however, that petitioner had never requested any make-up parenting time because of his National Guard obligations.

¶ 11 Petitioner testified that he had not exercised his parenting time during the minor child's school breaks but stated that he had exercised his parenting time on all other holidays. Petitioner explained that the reason he had failed to exercise his parenting time over the longer periods was due to living in his mother's basement. However, petitioner stated that in November 2018, he was able to purchase a home in which the minor child now has his own bedroom. Petitioner further testified that he had not requested any make-up parenting time for his National Guard obligations based on respondent denying such requests in the past.

¶ 12 At the conclusion of the evidentiary hearing on respondent's motion to vacate, the circuit court stated in open court:

"THE COURT: The Court, having heard the evidence and being fully advised on the premises and having assessed the credibility of the witnesses, finds and orders that the motion to vacate and set aside an order entered February 6, 2019, is denied based on the same reasons that the Court denied the motion[4] on February 6, 2019.

The Court has taken into consideration the Court-ordered parenting time that was awarded to [petitioner], but the Court has heard the testimony of the witnesses

---

[4]On February 6, 2019, the circuit court held a hearing on petitioner's motion to enforce judgment and then entered an order reducing petitioner's child support obligation. As such, it did not deny the motion to enforce judgment. Since there is no record of proceedings for the February 6, 2019, hearing, there is no indication whether "denied the motion on February 6, 2019," refers to the circuit court's reduction of petitioner's child support or whether the circuit court heard, and denied, a similar motion at the hearing.

regarding what [petitioner] has exercised in terms of his parenting time. And although a little bit disjointed and not exactly specific, the Court has considered that factor. The motion to vacate is denied."

The circuit court issued a written order on the same day denying respondent's motion to vacate.

¶ 13    Respondent appeals arguing that the circuit court erred in applying the shared physical care adjustment based upon petitioner's entitled number of overnight parenting time conferred in the judgment of allocation of parental responsibilities instead of the actual number of overnights petitioner exercised.

¶ 14                                    II. ANALYSIS

¶ 15    Respondent argues that this is an appeal of statutory interpretation and asks this court to find that the circuit court failed to follow the elementary rules of statutory construction when it applied the shared physical care adjustment to petitioner's child support obligation. Respondent contends that the circuit court incorrectly based the shared physical care adjustment on petitioner's entitled number of overnight parenting time instead of the actual number of overnight parenting time petitioner exercised. Petitioner, however, counters that respondent's appeal is frivolous and unsupported by the record.

¶ 16    Initially, we must determine the appropriate standard of review. Petitioner correctly notes that respondent's appellant brief is silent concerning the standard of review in violation of Illinois Supreme Court Rule 341(h)(3). Ill. S. Ct. R. 341(h)(3) (eff. May 25, 2018). Rule 341(h)(3) requires an appellant to include "a concise statement of the applicable standard of review for each issue, with citation to authority, either in the

discussion of the issue in the argument or under a separate heading placed before the discussion in the argument." *Id*. Respondent failed to comply with Rule 341(h)(3) in her appellant brief but did provide a standard of review discussion in her reply brief. Illinois Supreme Court Rule 375(a) states that, "[i]f after reasonable notice and an opportunity to respond, a party or an attorney for a party or parties is determined to have wilfully failed to comply with the appeal rules, appropriate sanctions may be imposed[.]" Ill. S. Ct. R. 375(a) (eff. Feb. 1, 1994). In her reply brief, respondent corrected the omission of the applicable standard of review after being placed on notice by petitioner's appellee brief. There is no indication that respondent willfully failed to comply with the appeal rules, and having cured her omission, this court will consider respondent's standard of review discussion.

¶ 17    Respondent maintains that this appeal involves an issue of statutory interpretation and, as such, presents a question of law which would mandate a *de novo* review. *Taylor v. Pekin Insurance Co*., 231 Ill. 2d 390, 395 (2008) (an issue of statutory interpretation is a question of law reviewed *de novo*). Petitioner argues that the record in this matter does not indicate the manner in which the circuit court applied the shared physical care adjustment to the facts of this case and, as such, the circuit court's order should be reviewed for an abuse of discretion. *In re Marriage of Tegeler*, 365 Ill. App. 3d 448, 453 (2006) (modification of child support payments will not be disturbed absent an abuse of discretion). We agree with petitioner and, for the reasons set forth below, have determined that this appeal does not present an issue of statutory interpretation. Therefore, we will

proceed with the standard of review applicable to a circuit court's modification of child support.

¶ 18 A circuit court's determination in awarding child support is presumed to be correct. *In re Marriage of Lugge*, 2020 IL App (5th) 190046, ¶ 15. Modification of child support must be decided by the circuit court based on the facts and circumstances of each case and will not be disturbed on appeal absent an abuse of discretion. *Id*. An abuse of discretion will only occur where no reasonable person could agree with the position taken by the trial court. *In re Marriage of Garrett*, 336 Ill. App. 3d 1018, 1020 (2003).

¶ 19 Section 505(a)(3.8) of Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/505(a)(3.8) (West 2018)) provides that if each parent exercises 146 or more overnights per year with a minor child:

"[T]he basic child support obligation is multiplied by 1.5 to calculate the shared care child support obligation. The court shall determine each parent's share of the shared care child support obligation based on the parent's percentage share of combined net income. The child support obligation is then computed for each parent by multiplying that parent's portion of the shared care support obligation by the percentage of time the child spends with the other parent. The respective child support obligations are then offset, with the parent owing more child support paying the difference between the child support amounts."

¶ 20 Respondent contends that the circuit court incorrectly applied the shared physical care adjustment pursuant to section 505(a)(3.8), when petitioner exercised fewer than 146 overnights per year with their minor child. Respondent, however, has not referenced any

portion of the record that demonstrates that the circuit court determined that petitioner exercised less than 146 overnights per year or that the circuit court calculated petitioner's child support obligation based solely on the number of overnights petitioner was entitled to exercise. Respondent claims that, at the February 6, 2019, hearing on petitioner's motion to enforce judgment:

> "The court ruled that since the number of overnights [petitioner] was *entitled to exercise* (168) exceeded 146, support should be adjusted as provided in 750 ILCS 5/505(a)(3.8)." (Emphasis in original.)

Respondent, however, fails to provide a citation to the record in support of the above ruling. This court has done a complete review of the common law record and record of proceeding in this matter, including the circuit court's order of February 6, 2019, and cannot locate the above language. We also cannot locate anything within the record indicating that the circuit court applied the shared physical care adjustment to petitioner's child support obligation based solely on petitioner's entitled overnight parenting time conferred in the judgment of allocation of parental responsibilities.

¶ 21    Our review of the record indicates that the circuit court considered the number of overnights to which petitioner was entitled, but also considered the parties' testimony concerning the number of overnights petitioner exercised. At the circuit court's hearing on respondent's motion to vacate, the circuit court specifically stated that, "the Court has heard the testimony of the witnesses regarding what [petitioner] has exercised in terms of his parenting time. And although a little bit disjointed and not exactly specific, the Court has considered that factor." The circuit court did not state the specific number of overnights it

10

had found petitioner had exercised, but it clearly stated that it considered the number of overnight parenting time that petitioner exercised.

¶ 22    Respondent contends that, "[i]n the case at bar, the facts are undisputed: [Petitioner] is *entitled* to more than 146 overnights with [minor child], but he *exercises* fewer than that number." (Emphases in original.) But again, respondent fails to cite to any portion of record in support of that contention. Our review of the record indicates that the number of overnights petitioner exercised was a disputed fact. Respondent testified that petitioner only exercised 130 overnights per year, but petitioner testified that he had exercised his weekends, one night per week, and all of his allotted holiday parenting time, although he failed to exercise his parenting time over the minor child's spring, winter, and summer breaks. Petitioner did not testify to a specific number of overnights that he had exercised per year since the January 4, 2016, judgment of allocation of parenting responsibilities was entered. However, section 505(a)(3.8) does not require the circuit court to determine the specific number of overnights each parent exercises, only that each parent exercises 146 or more overnights per year with a minor child. 750 ILCS 5/505(a)(3.8) (West 2018). When presented with conflicting testimony, the circuit court is in the superior position to evaluate the credibility of the witnesses. *In re Custody of Switalla*, 87 Ill. App. 3d 168, 175 (1980). As such, it was within the circuit court's discretion to find that petitioner's failure to exercise certain portions of his entitled parenting time did not result in the loss of the shared physical care adjustment provided in section 505(a)(3.8). 750 ILCS 5/505(a)(3.8) (West 2018).

11

¶ 23　The circuit court conducted a hearing on the facts and circumstances in this matter and clearly indicated that it considered the testimony regarding the number of overnights petitioner exercised. Respondent does not cite, and this court could not locate, any portion of the record that demonstrates that the circuit court based its calculations solely on the entitled overnight parenting time conferred to petitioner in the judgment of allocation of parental responsibilities.

¶ 24　We presume the circuit court's determination in determining petitioner's child support is correct and respondent has not provided any supported argument to rebut that presumption. *In re Marriage of Lugge*, 2020 IL App (5th) 190046, ¶ 15. The record before this court clearly indicates that the circuit court considered the facts and circumstances related to the number of overnights petitioner was entitled to exercise and the number of overnights petitioner had actually exercised. Therefore, the circuit court did not abuse its discretion in determining that petitioner was entitled to the shared physical care adjustment provided in section 505(a)(3.8), because respondent's contention that the circuit court based the shared physical care adjustment solely upon the number of overnights petitioner was entitled to exercise is unsupported by the record before this court.

¶ 25　Petitioner asserts that respondent's appeal is frivolous and that sanctions are warranted under Illinois Supreme Court Rule 375(b). Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). Rule 375(b) permits sanctions if an appeal is frivolous, not taken in good faith, or is taken for an improper purpose. *Id*. An appeal is frivolous where a reasonable, prudent attorney acting in good faith would not have brought it. *Edwards v. City of Henry*, 385 Ill.

App. 3d 1026, 1039 (2008). While we have found that respondent's appeal is not supported by the record, we do not find that the appeal is frivolous or taken for an improper purpose.

¶ 26 Petitioner argues that respondent's appeal is frivolous because (1) respondent had an alternative legal remedy[5] available which she could have taken instead raising a statutory interpretation challenge of section 505(a)(3.8), (2) respondent failed to comply with appeal rules, and (3) respondent's appeal was unsupported by the record.

¶ 27 First, simply because respondent had an alternative remedy and elected to appeal does not render the appeal frivolous. Illinois Supreme Court Rule 303(a)(1) allows for an appeal of a final judgment and contains no requirement that a party exhaust all available remedies prior to appealing. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 28 Second, with regard to respondent's failure to follow appeal rules, we have discussed respondent's failure to comply with Rule 341(h)(3) above, and determined that respondent's omission of the standard of review in her appellate brief was not willful and was cured in her reply brief. Petitioner also contends that respondent declined to follow the appeal rules by failing to cite sufficient legal authority in support of her arguments and by citing a decision filed under Illinois Supreme Court Rule 23. Ill. S. Ct. R. 23(b) (eff. Apr. 1, 2018). Petitioner requests that we find that respondent has waived all arguments within her appellant brief, because they are not properly supported by citations to relevant authority as required by Illinois Supreme Court Rule 341(h). Ill. S. Ct. R. 341(h) (eff. May

---

[5]Petitioner argues that respondent could have sought a modification of the judgment of allocation of parental responsibilities to reduce petitioner's entitled number of overnight parenting time.

13

25, 2018). Petitioner further requests that this court strike any portion of respondent's argument supported by the Rule 23 decision.

¶ 29     This court may, in its discretion, strike a brief, a portion thereof, and/or dismiss an appeal based on the failure to comply with the applicable rules of appellate procedure. *Id.*; *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77. Respondent's appellant brief did contain minimum citations to legal authority in support of her statutory interpretation argument; however, we have addressed respondent's appeal as unsupported by the record. As such, we do not find that respondent has waived all arguments within her appellant brief.

¶ 30     With respect to respondent citing *In re Marriage of Capelle*, 2018 IL App (5th) 180011-U, we agree with petitioner that an order entered under Supreme Court Rule 23(b) may not be cited by any party except in support of limited contentions not applicable in this case. Ill. S. Ct. R. 23(b) (eff. Apr. 1, 2018). In her brief, respondent acknowledged that no cases were found on the issue raised in this appeal and that she cited an unpublished decision since it contained a discussion of the issue. Nothing in Rule 23 expressly prohibits the appellate court from adopting the reasoning of an unpublished order. *Byrne v. Hayes Beer Distributing Co.*, 2018 IL App (1st) 172612, ¶ 22. In this matter, the unpublished decision was cited for this court's consideration of the reasoning contained in the unpublished order in support of respondent's statutory interpretation argument. However, we have found respondent's statutory interpretation argument inapplicable, and therefore, the unpublished decision had no bearing on our analysis. We caution respondent on any

14

future reliance on Rule 23 decisions, but we do not elect to strike those portions of respondent's brief supported by the Rule 23 decision.

¶ 31 Finally, petitioner argues that respondent's appeal is frivolous because it is not supported by the record. The appellant brought this appeal and presented an argument that she believed was supported by the record. Specifically, as we explained, respondent argued that the circuit court based its decision on the overnight visits granted to the petitioner in the judgment of allocation of parental responsibilities, rather than the actual number of days the petitioner exercised per year. Although we have reviewed the record and have concluded that the record does not support this assertion, the record is not so clear in its lack of support that we can say that no reasonable attorney would bring this appeal or that sanctions are otherwise warranted under Rule 375(b) standards. Accordingly, we reject petitioner's request that we award sanctions against respondent for bringing this appeal that is lacking a record that supports her argument.

¶ 32 Based on the above, respondent's appeal is unsupported by the record and fails to demonstrate that the circuit court based its application of section 505(a)(3.8) solely on petitioner's entitled parenting time. As such, we find that the circuit court did not abuse its discretion in calculating petitioner's child support obligation.

¶ 33                                III. CONCLUSION

¶ 34 For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 35 Affirmed.

15