2022 IL App (4th) 210599

NO. 4-21-0599

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 9, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| LEWIS, YOCKEY & BROWN, INC., | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | McLean County |
| MARK FETZER, KENNETH VERKLER, R. | ) | No. 16L47 |
| MICHAEL HUNDMAN, and LAURENCE F. | ) | |
| HUNDMAN, | ) | Honorable |
| Defendants-Appellees. | ) | Rebecca S. Foley, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court, with opinion.
Presiding Justice Knecht and Justice Turner concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiff, Lewis, Yockey & Brown, Inc. (Lewis), sought to pierce the veil of an Illinois limited liability company, Hundman Management, LLC. In other words, Lewis sought to hold the members of the limited liability company—the defendants, Kenneth Verkler, R. Michael Hundman, and Laurence F. Hundman—personally liable for a money judgment that Lewis had won against the company. (Whereas owners of a corporation are called "shareholders," owners of a limited liability company are called "members" (see 805 ILCS 180/1-5, 35-10 (West 2020)).) The circuit court of McLean County kept the veil intact, granting motions for summary judgment in the defendants' favor. Lewis appeals. In our *de novo* review (see *Arris Group, Inc. v. CyberPower Systems (USA), Inc.*, 2021 IL App (1st) 191850, ¶ 30), we affirm the summary judgments because the record appears to lack evidence that the statutory conditions for holding the

members liable have been met (see 805 ILCS 180/10-10(d) (West 2020)). Thus, the circuit court was correct that, under the material undisputed facts, the defendants were entitled to judgment as a matter of law. See *Arris*, 2021 IL App (1st) 191850, ¶ 30.

¶ 2                                                        I. BACKGROUND

¶ 3             Hundman Management, LLC, was established in 2003 as a member-managed limited liability company. (There are two kinds of limited liability company: a "manager-managed company," in which the members serve as passive investors, delegating management responsibility to a manager, and a "member-managed company," which is defined as "a limited liability company other than a manager-managed company." 805 ILCS 180/1-5 (West 2020).)

¶ 4             On October 20, 2004, the members of Hundman Management, LLC, amended the company's operating agreement so as to authorize the chairman of the company, Laurence F. Hundman, to sign notes, eliminating a requirement that notes also be signed by the secretary of the company.

¶ 5             On August 1, 2009, on behalf of Hundman Management, LLC, Laurence F. Hundman issued a note to Lewis in the amount of $283,711.45—"in return for a loan," according to the note. It appears to be undisputed, though, that Lewis never lent Hundman Management, LLC, any funds. Instead, Lewis had provided civil engineering services to other limited liability companies managed by Hundman Management, Inc. For a time, Laurence F. Hundman made payments on the note. Then he stopped making payments, and the note went into default. In a case separate from this one, Lewis sued on the note and on October 23, 2013, won a judgment against Hundman Management, LLC, in the amount of $218,925.73.

¶ 6             In 2016, Lewis brought the present action. In addition to suing Laurence R. Hundman for fraud, Lewis sought to hold the other members liable for the judgment on the note—

Lewis requested the circuit court to pierce the veil of Hundman Management, LLC. The second amended complaint named Mark Fetzer, Verkler, R. Michael Hundman, and Laurence F. Hundman as defendants but sought no relief from Fetzer.

¶ 7        On November 30, 2017, by the circuit court's ruling on a motion for dismissal, Fetzer was eliminated as a defendant, and only three counts of the second amended complaint remained: counts I, V, and VIII. Count I was a piercing-of-the-veil count directed against Verkler, R. Michael Hundman, and Laurence F. Hundman. Count V was a count of fraud directed against Laurence F. Hundman. Count VIII was a count of constructive fraud directed against him.

¶ 8        On March 8, 2021, the circuit court granted a motion for summary judgment by Verkler on count I, concluding that, contrary to Lewis's claim, Hundman Management, LLC, had been adequately capitalized.

¶ 9        On June 30, 2021, the circuit court granted a motion for summary judgment by R. Michael Hundman on count I.

¶ 10        On September 16, 2021, the circuit court granted a motion for summary judgment by Laurence F. Hundman on counts I, V, and VIII.

¶ 11        On October 15, 2021, Lewis filed an appeal from the three summary judgments.

¶ 12                                II. ANALYSIS

¶ 13        On appeal, Lewis makes no argument on counts V and VIII of the second amended complaint. Therefore, Lewis has forfeited its challenge to the summary judgment in Laurence F. Hundman's favor on those counts. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that "[p]oints not argued [in the appellant's brief] are forfeited"). The only question left in this appeal is whether the circuit court should have pierced the veil of Hundman Management, LLC.

¶ 14 Our research reveals only one reported decision in which the reviewing court affirmed a judgment that pierced the veil of a limited liability company. In *Benzakry v. Patel*, 2017 IL App (3d) 160162, the circuit court pierced the veil of KAP Family Investments, LLC (KAP), holding that the sole member of KAP, Kalpita Patel (see *id.* ¶ 67), was "personally responsible for the debts of KAP" (*id.* ¶ 21). Kalpita Patel appealed. *Id.* ¶ 1. The appellate court held that, for three reasons, this piercing of the veil was not against the manifest weight of the evidence. *Id.* ¶ 69.

¶ 15 First, "KAP had inadequate capitalization." *Id.* ¶ 66. The appellate court believed that "[i]t [was] inequitable for shareholders to establish and maintain a corporation that carrie[d] on business without sufficient assets available to meet its debt." *Id.*

¶ 16 Second, "Kalpita was the sole member of KAP, but her testimony indicate[d] that she was not involved with the activities of KAP." *Id.* ¶ 67. One of the factors that courts took into account in deciding "whether to pierce the corporate veil" was the "nonfunctioning" of officers who supposedly were in charge of the corporation. *Id.* ¶ 65.

¶ 17 Third, "the record show[ed] [that] Kalpita [had] commingled funds." *Id.* ¶ 68. "[D]iversion of assets from the corporation by or to a shareholder" was yet another factor that courts considered "in determining whether to pierce the corporate veil." *Id.* ¶ 65.

¶ 18 Because of those three factors, the *Benzakry* court reasoned, "the jury's verdict, piercing KAP's *corporate* veil and holding Kalpita liable for KAP's damages, was not against the manifest weight of the evidence." (Emphasis added.) *Id.* ¶ 69.

¶ 19 We would respectfully suggest that this holding in *Benzakry* is problematic because the limited liability company in that case, KAP, had no "corporate veil." See *id.* The appellate court in *Benzakry* seemed to regard a limited liability company as a type of corporation or as interchangeable with a corporation. A limited liability company, however, is different from a

corporation. An Illinois corporation is formed under the Business Corporation Act of 1983 (805 ILCS 5/1.01 *et seq.* (West 2020)), whereas an Illinois limited liability company is formed under the Limited Liability Company Act (805 ILCS 180/1-1 *et seq*. (West 2020)). As one might surmise by comparing the lengths of those two statutes, a limited liability company is a less onerous business model. The very point of a limited liability company is that it will have greater " 'informality of organization and operation' " than a corporation. Sandra D. Mertens*, Can You Pierce the Veil of an Illinois LLC?* 103 Ill. B.J. 46, 47 (Jul. 2015) (quoting Revised Uniform Limited Liability Company Act § 304 cmt. (Unif. Law Comm'n 2006)). Consequently, in the view of the Uniform Law Commission, " 'the failure of a limited liability company to observe any particular formalities' " should not make members or managers of the company liable as failure to observe corporate formalities could make shareholders of a closely held corporation liable. *Id.* (quoting Revised Uniform Limited Liability Company Act § 304(b) (Unif. Law Comm'n 2006)).

¶ 20　　　　Despite this difference in formality between a limited liability company and a corporation, the Illinois General Assembly, in 1994, passed an amendment making managers and members of a limited liability company personally liable for the company's debts "to the extent that a shareholder of an Illinois business corporation is liable in analogous circumstances under Illinois law." 805 ILCS 180/10-10 (West 1994). If section 10-10 of the Limited Liability Company Act (805 ILCS 180/10-10 (West 2020)) still read that way, *Benzakry* would be on firmer legal footing. In 1998, however, the General Assembly revised section 10-10, eliminating the analogous-liability language. Section 10-10(a) and (d) now reads as follows:

> "(a) Except as otherwise provided in subsection (d) of this Section, the debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the

company. A member or manager is not personally liable for a debt, obligation, or liability of the company solely by reason of being or acting as a member or manager.

\* \* \*

(d) All or specified members of a limited liability company are liable in their capacity as members for all or specified debts, obligations, or liabilities of the company if:

(1) a provision to that effect is contained in the articles of organization; and

(2) a member so liable has consented in writing to the adoption of the provision or to be bound by the provision." 805 ILCS 180/10-10(a), (d) (West 2020).

¶ 21 We lack authority to impose any exception upon that statute. See *Taylor v. Pekin Insurance Co.*, 231 Ill. 2d 390, 395 (2008); *Harshman v. DePhillips*, 218 Ill. 2d 482, 501 (2006); *Village of Chatham v. County of Sangamon*, 216 Ill. 2d 402, 429 (2005). We "will not read exceptions, conditions, or limitations into a statute which the legislature did not express if the statutory language is clear and unambiguous." *Harshman*, 218 Ill. 2d at 501. The language of section 10-10(a) and (d) of the Limited Liability Company Act is clear and unambiguous. Except as section 10-10(d) (805 ILCS 180/10-10(d) (West 2020)) provides, the debts of a limited liability company are solely the debts of the company instead of the debts of the company's managers and members. *Id.* § 10-10(a). Under section 10-10(d), the company's debt is the debt of a member only if both of the following conditions are met: (1) the operating agreement provides that the member is personally liable for the company debt and (2) the member has consented in writing to the

adoption of that provision or has agreed to be bound by it. *Id.* § 10-10(d). The record in this case appears to lack evidence that the operating agreement of Hundman Management, LLC, provided for the personal liability of members for the company's debts, let alone that the defendants agreed in writing to the adoption of such a provision or to be bound by it. We decline to effectively amend section 10-10 (*id.* § 10-10) by imposing upon it an undercapitalization exception or any other exception that the legislature did not express.

¶ 22        Admittedly, in granting the motions for summary judgment on count I of the second amended complaint, the circuit court did not rely on section 10-10. Even so, "[t]he appellate court reviews the judgment of the circuit court and not the reasons given for that judgment." *Arris*, 2021 IL App (1st) 191850, ¶ 30.

¶ 23                                    III. CONCLUSION

¶ 24        Because the conditions in section 10-10(d) of the Limited Liability Company Act (805 ILCS 180/10-10(d) (West 2020)) are unfulfilled, we affirm the circuit court's judgment.

¶ 25        Affirmed.